## Cline v. Commonwealth.

(Decided December 12, 1919.)

### Appeal from Floyd Circuit Court.

1. Criminal Law—Venue—Sufficiency.—As the indictment alleged that the crime of seduction charged was committed in Floyd county, the jury instructed that in order to find the defendant guilty they must believe from the evidence beyond a reasonable doubt that it was committed in that county, and the evidence of the Commonwealth was that the act occurred in the parlor of the residence of Tucker Buskirk on Wolf creek near that of Lewis Burchett with whom the prosecutrix was then living; that the defendant then lived with his mother, whose home was also on Wolf creek in the immediate neighborhood of the homes of Buskirk and Burchett; and that all these homes were but a few miles distant from Prestonsburg, the county seat of Floyd county, such evidence in the absence of direct proof from a witness or witnesses of its commission therein, was sufficient to localize and fix in the minds of the jurors, all of whom resided in Floyd county, the venue of the offense and enable them to determine whether or not it was committed in Floyd county.

2. Criminal Law—Evidence of Rape—Incompetency—Appeal and Error.—Evidence furnished by statements of the prosecutrix that a rape was committed upon her several months after the act of seduction by the defendant, his brother and another, in which each of the three in turn forcibly participated, was clearly incompetent. As evidence of the alleged rape did not tend to establish the defendant's guilt of the seduction, was not necessary, and did not serve, to identify him as the person who committed the crime of seduction, prove his knowledge thereof, the manner of its commission nor any motive on his part for committing it, its admission was necessarily so prejudicial to his substantial rights as to constitute reversible error.

A. J. MAY for appellant.

C. H. MORRIS, Attorney General, BEVERLY M. VINCENT, Assistant Attorney General, J. D. SMITH, B. M. JAMES and W. W. WILLIAM for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The grand jury of Floyd county found and returned in the circuit court of that county an indictment charging the appellant, Henry Cline, with the seduction of Maggie Blackburn, a female seventeen years of age, accomplished, as alleged, under and by virtue of a promise on his part to marry her. On the trial the jury, by their verdict, found the appellant guilty of the offense charged and fixed his punishment at confinement in the penitentiary for one year, following which sentence was pronounced and judgment entered by the court in conformity with the verdict. He was refused a new trial and has appealed.

The indictment was found and conviction obtained under Kentucky Statutes, section 1214, which provides:

"Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony and, upon conviction thereof, shall be confined in the penitentiary not less than one nor more than five years."

Only two of the several grounds urged for a new trial in the court below are relied on by appellant for a reversal of the judgment of conviction, viz.: (1) Error of the trial court in refusing an instruction directing a verdict of acquittal, asked by appellant at the close of the appellee's evidence, and, again, after the introduction of all the evidence; (2) error of that court in admitting, over appellant's objection, incompetent evidence introduced by the appellee on the trial. The first of these contentions rests the right of appellant to the refused peremptory instruction on the claim that the evidence failed to prove that the crime charged in the indictment was committed in Floyd county. The contention is not sustained by the record. The indictment alleges its commission in Floyd county, and while it is true no witness testified, in terms, that it was committed in Floyd county, the prosecutrix testified on the trial that the offense, which constituted her first act of sexual intercourse with a man, took place between her and the appellant in the parlor of the residence of one Tucker Buskirk, on Wolf creek, following appellant's promise then given her, and others previously made, that he would marry her if she would permit such intercourse, which induced her to yield to his solicitation and partic-

ipate in the wrongful act. She also testified that she was
then living at Lewis Burchett's, whose home was near
and in view of that of Tucker Buskirk where the offense
was committed; that appellant then, as at the time of the
trial, made his home with his widowed mother whose
farm lies on Wolf creek in the immediate neighborhood
of and but a short distance from Buskirk's home: and
according to her further testimony, and other evidence
of like effect found in the record, it was fairly made to
appear that the homes of the persons above named are
but a few miles from Prestonsburg, the county seat of
Floyd county, where appellant's trial occurred. The
evidence referred to necessarily localized and precisely
fixed in the minds of the jury, all of whom were resi-
dents of Floyd county, the venue of the alleged offense,
and enabled them to determine whether or not the of-
fense was committed in Floyd county. Moreover, they
were required by the instructions of the court to believe
from the evidence beyond a reasonable doubt, not only
that the appellant was guilty of the offense charged, but
also that it was committed in Floyd county, Kentucky,
before they could find him guilty. Such facts as these
have repeatedly been recognized by this court as suf-
ficient to establish the venue of the offense or crime.
Kennedy v. Commonwealth, 30 R. 1063; Commonwealth v.
Patterson, 10 R. 167; Hays v. Commonwealth, 12 R. 611;
Combs v. Commonwealth, 15 R. 659; Pickerel v. Com-
monwealth, 17 R. 120; Warner v. Commonwealth, 27 R.
219. It follows from what has been said that the trial
court's refusal of the peremptory instruction asked by
appellant was not error.

The alleged incompetent evidence complained of in
the second assignment of error, consisted of testimony
given by the prosecutrix regarding the commission, sev-
eral months after the return of the indictment, of an al-
leged rape upon her person by appellant, his brother,
Virgil Cline, and D. Nunnery. This crime, if committed
as stated by the prosecutrix, was one of the most re-
volting ever revealed by a witness. According to her
testimony it occurred several months after her seduc-
tion by appellant and subsequently repeated acts of
sexual intercourse between them, resulting from his
promises made at the time of her seduction, and later
to marry her; also after the return of the indictment
against appellant and within a month of her giving birth

to a child of which he was the alleged father. Without entering upon a discussion of the disgusting details disclosed by her testimony regarding the alleged rape, it is sufficient to say that it was to the effect that she was enticed from her home by appellant, who, upon getting her out of the view of those in the house, was joined by his brother and Nunnery, whereupon each of the three men in turn forcibly had carnal knowledge of her, she being compelled, notwithstanding her protests, to yield in each instance through fear of threatened death from pistols which they at the time carried and pointed at her.

This evidence was clearly incompetent and necessarily highly prejudicial to appellant. In view of what was said of it by counsel for the Commonwealth in argument to the jury, his violent denunciation of the alleged rape and characterization of the brutality of the alleged perpetrators thereof, it can well be believed that the jury gave no credence to the latter's denial of their guilt of the crime. Indeed, it is by no means improbable that the revolting circumstances attending the alleged rape, as related by the prosecutrix, made its enormity so great in the estimation of the jury that they permitted it to overshadow and outweigh all evidence introduced in behalf of appellant conducing to prove his innocence of the crime of seduction charged in the indictment, although much of it came from divers young men of about appellant's age by way of confession of sexual intercourse with the prosecutrix both before and after the act of seduction charged against appellant, and from other persons who saw her indulge in such intercourse with men other than the latter.

The general rule is that on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. There are, however, some exceptions to this rule. The general rule is inapplicable where the evidence tends directly to prove the defendant's guilt of the crime charged, or where two distinct offenses are so inseparably connected that the proof of one necessarily involves proving the other. Evidence of another crime is also admissible if committed as part of the same transaction and it forms a part of 'the *res gestae*.

Evidence of another and distinct crime committed by the defendant is also admissible where it directly tends to identify him as the person who committed the crime charged and for which he is under trial or to prove the knowledge, motive or intent with which the crime charged was committed by him; but in all such cases the trial court should with great care admonish the jury of the purpose for which such evidence is admitted and that it cannot be considered by them for any other purpose. Bishop's New Criminal Procedure, vol. I, Sections 1126-1225; Greenleaf's Evidence, vol. I, sec. 53, vol. 3, sec. 15; Martin v. Commonwealth, 93 Ky. 192; Bishop v. Commonwealth, 22 R. 1161; McCreary v. Commonwealth, 162 Ky. 206.

It is patent that the evidence complained of by appellant in the instant case did not come within any of the exceptions to the general rule of evidence above stated. The alleged rape to which it relates had no connection whatever with the crime of seduction for which appellant was indicted and tried. The evidence of the rape in no way served or was necessary to identify him as the person who committed the crime of seduction charged. It did not tend in the remotest degree to prove him guilty of that offense, neither did it prove his knowledge of the offense, the manner of its commission, nor any motive on his part for committing it; hence, when objected to by appellant, the trial court should by reason of its incompetency have excluded it from the consideration of the jury, and its failure to do so constitutes reversible error.

In Jordan v. Commonwealth, 180 Ky. 379, an appeal involving the same offense here charged, we held incompetent and prejudicial certain evidence admitted on the trial in the circuit court to prove the pregnancy of the prosecutrix and the birth of a child resulting from her seduction by the defendant; and because of its admission and the exhibition made of the child to the jury, reversed the judgment. After declaring in the opinion that under our statute defining the crime of seduction and prescribing the punishment therefor, a conviction may be had on the unsupported evidence of the prosecutrix that the seduction was accomplished under a promise of marriage, we in part said:

"And under this statute we are unable to perceive the relevancy of evidence of pregnancy or birth of a

child, or how evidence of the facts could furnish any corroboration of the testimony of the prosecuting witness that she was seduced under a promise of marriage. Plainly, if no child was born as the result of the intercourse, or she never became pregnant because thereof, the prosecution could nevertheless be successfully maintained upon evidence, alone, of the act of seduction and the promise of marriage. It should, however, be said that the woman seduced should be of chaste character; and, therefore, if her character for virtue is put in issue by the defendant it may be incumbent on the Commonwealth to introduce evidence in support of it. . . . And the defendant may likewise introduce in his behalf every relevant fact and circumstance that tends to support his theory that there was no promise of marriage or seduction induced thereby or his defense that the woman was not chaste, if this issue is put into the case. . . . We are, therefore, of the opinion that it is not competent in prosecutions under this statute to admit evidence of pregnancy or the birth of a child; and it was manifestly prejudicial error to permit the Commonwealth to exhibit before the jury a child as young as this one was, for no other purpose than to excite the sympathy of the jury for Agnes Hays and the child, and to arouse their prejudice against the reputed father, Schofield Jordan. . . . We do not, however, rule that if a child is born as the result of the alleged seduction, the prosecuting witness may not have with her, in the court room in the presence of the jury, the child, although its presence unexplained or uncommented on might create in the minds of the jurors an unfavorable sentiment against the accused; but the probability that the appearance of the child might create such a feeling is not, we think, sufficient to justify us in holding that the mother may not have it with her in the court room. But she cannot be inquired of about its parentage, nor should the Commonwealth's attorney be permitted to allude in any manner to its presence or make any comment on its appearance. State v. Fogg, 206 Mo. 696; State v. Carter, 8 Wash. 272.''

If evidence of the pregnancy of the prosecutrix, the birth of a child as the result of the seduction, and the exhibition of the latter to the jury, should not be allowed, for a greater reason should evidence of an alleged rape, committed by the accused upon the prose-

cutrix months after the act of seduction charged, be excluded.

As the case will be remanded for another trial we refrain from expressing an opinion on the issues of fact raised by the evidence. For the reasons indicated the judgment is reversed and the case remanded for a new trial and such further proceedings as may be consistent with the opinion.