## Butler v. Commonwealth.

Nov. 1, 1940.

Flem D. Sampson, Judge.

Bird & Bird for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

This is an appeal from a judgment rendered upon a verdict finding appellant guilty of murder and inflicting the death penalty. Appellant, along with Lett, and two others, Ross and Tate, all colored, were indicted on December 4, 1939, for the murder of W. D. Tittle, a white man, the case coming to trial on December 18, 1939, at which time certain motions were made and overruled, of which rulings as are subject of complaint, notice will be taken.

The record of this court, and this record, show that Lett was tried at the same term of court on the same indictment; found guilty and death sentence inflicted.

This record shows that Ross and Tate were tried at the same term, each being sentenced to imprisonment for fifteen years, each trial preceding trial of this appellant.

This appeal is a companion case to Lett v. Com., ... S. W. (2d) ..., this day decided and reported, and since the facts and circumstances adduced on each trial were identical, save in such instances as may be noted, we shall not burden our opinion with a recitation, but make reference to Lett v. Commonwealth for factual statement.

In the instant case appellant filed his motion for a new trial, setting out in support six or more grounds, and presented to us for review. Counsel in brief urges four of those, contending that any one, or a combination of all, would justify a reversal of the judgment.

Most of the grounds for reversal presented here were similar to those presented in the Lett case, one having been presented prior to the order of severance. This was the alleged error in refusing continuance, discussed in the Lett case, and as said therein, a ruling now could have no application to a similar motion based on like grounds, if made on new trial, which we have concluded must be had.

The contention here in respect of the admission of Butler's confession, and the confession of Lett on Butler's trial, are fully discussed in the Lett case, and our expressed conclusions are applicable here. The same is true as to the court's failure to instruct on the question as to whether the confession of Butler was voluntary or otherwise. The error pointed out in the Lett case in permitting the stenographer to read evidence to the jury in the absence of, or without notice to counsel, did not occur on this trial, but we find error in the admission of evidence tending to show that appellant had been guilty of numerous other violations of the law, or subject to arrests for undeveloped but insinuated violations.

Appellant was indicted under the name of Hoyt Butler, alias J. E. Jeffrey, which latter name he gave when arrested, as he said, so his people in Pittsburgh would not learn of his trouble. He gave his true name on direct examination, and openly admitted that he had used an alias when arrested for the instant crime. He, with his co-defendants, had been positively identified

on the night of the homicide by the witness Cox, as being the four negroes in the box car prior to and at the time he was thrown therefrom, so there was no occasion to prove identity in any other manner, or by any other means.

However, either in an unnecessary effort to identify, or for a purpose not authorized by our rules of procedure, the commonwealth's attorney persisted in his endeavor to get before the jury the fact that appellant had been charged with, arrested for, or convicted of other crimes or offenses, not in the least connected with or tending to establish a common purpose, or motive in the commission of the instant charge.

Appellant was asked: "Were you not arrested on May 5, 1939, and is that your picture?" (presenting photograph). To both parts of the question the witness, over objection, answered, "Yes." He was also shown finger prints and asked if they were his. To this and numerous, too numerous, other objectionable questions, there were no objections. He was asked if he was not arrested in Knoxville on July 17, 1939, under another name, and he admitted the arrest, but denied giving the police a different name. Again: "When you were arrested in Knoxville on a charge of housebreaking, they made a finger print and picture of you?" Appellant replied, "No, sir," which may have been an admission of the arrest, but denial of the finger printing and picture taking.

He was asked if on one occasion he had not been arrested in Tennessee. He gave an evasive answer; again as to an arrest in New York; another in Pennsylvania, in each concluding with the query as to whether or not he had at those times given other names. The questions were severable, eliciting a negative reply as to the use of another given name, but affirmative otherwise.

Such questions as we have selected as exemplary (objected to) were repeated, as were improper questions not objected to by counsel. It is unnecessary to refer to them all, or to the repetitions. It will be noted that only in one instance was there reference to the commission of a felony. We again express regret that there must be the expense of another trial, but there is no escape from the conclusion that the method and manner

here persistently adopted and indulged, was not the proper method for impeaching the appellant's character, or his general reputation for truth, veracity, good or bad behavior, and obviously not for the purpose of identification.

In Brashear v. Com., 178 Ky. 492, 199 S. W. 21, appellant was tried and convicted of murder. On appeal we reversed solely on the ground that appellant by the ruling of the court, over objection, was required to answer numerous questions, (set out in the opinion) among which were such as showed that he had been guilty of seduction or "at least fornication," and of an assault and battery.

We found that the questions and answers were not of that character as may be and are admissible, under the general rule to be later stated. We did say:

"* * * the bad character of the accused cannot be proven, as evidence, of his guilt of a particular crime, and neither can it be shown, that accused is such a bad character, that he would be likely to commit the offense, of which he is accused, as evidence of his guilt, by proving independent, distinct and disconnected offenses of which he has been guilty, for after all, he could be guilty of previous criminal acts, and yet not be guilty of the one for which he is being tried."

While we are impressed that in the instant case there was ample proof of guilt, yet it is manifest that the repeated questions referred to were not so much intended for the purpose of showing guilt, as ostensibly for the sole purpose of creating prejudice. We cited the Brashear case in Bullington v. Com., 193 Ky. 529, 236 S. W. 961, and reversed again on the ground that it was improper to prove commission of other offenses, unless they were admissible under the excepting rule.

In Karsner v. Com., 235 Ky. 710, 32 S. W. (2d) 43, the commonwealth over objection was allowed to prove that appellant had sought to have the county judge grant him a permit to carry a pistol, and to antedate the permit so as to show it had been granted prior to the homicide. We reversed, citing Slone v. Com., 230 Ky. 199, 18 S. W. (2d) 1005; Cook v. Com., 232 Ky. 613, 24 S. W. (2d) 269, which are applicable here. In Blacker-

by v. Com., 200 Ky. 832, 255 S. W. 824, a homicide case, we held error, because appellant on cross-examination, over objection, was required to admit that about six years previously he had assaulted another man because of his attentions to appellant's wife.

In Howard v. Com., 230 Ky. 738, 20 S. W. (2d) 748, another homicide case, witnesses testified that shortly after the shooting appellant had fired a shot on the public highway, and that Howard was under the influence of liquor. We held this testimony should have been excluded, being not within the exception rule, nor a part of the res gestae. In Thornsberry v. Com., 256 Ky. 166, 75 S. W. (2d) 1079, (homicide) we reversed because, over objection, appellant and other witnesses were required to go into details as to a poker game in which appellant was a participant, some time prior to the homicide, there being lack of connection with the crime for which appellant was being tried. Martin v. Com., 197 Ky. 43, 245 S. W. 869, was apparently reversed because appellant was required to answer, over objection, that he had been previously indicted for shooting on the public highway. To these we might add, if necessary, many other opinions of ours of similar import, for instance, Cline v. Com., 186 Ky. 429, 216 S. W. 594; Eagle v. Com., 223 Ky. 178, 3 S. W. (2d) 212; McDaniel v. Com., 181 Ky. 766, 205 S. W. 915; Sneed v. Com., 236 Ky. 838, 34 S. W. (2d) 724. Further reference may be made to 6 Kentucky Digest Criminal Law, Key Number System 369 for an array of applicable cases.

The rule, under which evidence of other and distinct offenses may become and is admissible, has been so often defined by this court that it would seem trite to repeat it. However, we direct attention particularly to the more recent cases in which it is specifically laid down. Sneed v. Com., supra, and Marcum v. Com., 254 Ky. 120, 71 S. W. (2d) 17. Here the exceptional circumstances, under which such evidence is admissible, could not be said to have existed.

It was contended, though this contention is not emphasized in appellant's brief, that the commonwealth's attorney in closing his argument to the jury, made remarks which were calculated to influence the jury unduly, and prejudice the appellant's substantial rights. Since the case is to be reversed on the ground

above discussed, it is not necessary to set out the language used by the commonwealth's attorney, nor to comment thereon, except to say that it appears to us these remarks were improper, though perhaps not necessarily constituting error under all the circumstances in this case. The remarks were apparently intended only for inflammatory purposes, and as we view them were very near to the danger line. We are, however, reversing on the error discussed hereinbefore, with directions to the court to grant appellant a new trial not inconsistent with this opinion.

Judgment reversed.