## Bullington v. Commonwealth.

(Decided October 17, 1922.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Evidence—Appeal and Error.—Evidence which is responsive to other evidence brought out by the appellant cannot be complained of by the latter on appeal.

2. Criminal Law—Evidence—Appeal and Error.—Evidence which merely shows that other offenses of like nature have been committed in a large city and tends rather to show that there were many other persons in the city likely to have committed the offense charged against appellant, is not under the facts of this case prejudicial because it does not tend to prove the guilt of appellant, but rather the contrary.

3. Intoxicating Liquors—Instructions.—An instruction which tells the jury to find the defendant guilty if it believe from all the evidence in the case beyond a reasonable doubt that the defendant in the county and state and within the time fixed by statute did sell to C. L. a pint or some other quantity of whiskey, then the jury should find him guilty as charged in the indictment and fix his punishment as prescribed by the statute, states but the law and is not subject to criticism; but where the judge, in addition to the foregoing, directs the jury to find defendant guilty if it believed from the facts and circumstances proven in evidence beyond a reasonable doubt that the defendant did commit the

crime in the county and state within the time limited, is subject to criticism because it should not have directed the jury to find the defendant guilty if it believed from all the facts and circumstances proven in evidence when there might have been some irrelevant matter, as pointed out above, proven in evidence; but this defect in the instruction was not reversible error

W. D. O'NEAL for appellant.

CHAS I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Bullington, being convicted in the Boyd circuit court of the offense of selling intoxicating liquors in violation of law, and his punishment fixed at a fine of $300.00 and jail sentence of sixty days, appeals to this court, asking a reversal of the judgment upon two grounds: (1) The admission of incompetent evidence on behalf of the Commonwealth, (2) erroneous instructions given to the jury. This is the second appeal of this case, appellee having been twice convicted by a jury. The first judgment was reversed. See 193 Ky. 529.

The incompetent evidence of which appellant complains is the following given by the prosecuting witness in answer to questions by the attorney for the Commonwealth:

"Q. You bought it (the liquor) at several places in Ashland, didn't you? A. Yes, sir. Q. Easy to get around there at that time? A. Easy to get if you had the money."

The prosecuting witness had been indicted in the same court for transporting the same whiskey which it is charged appellant sold him, and counsel for appellant asked him several questions concerning the transportation of liquor and where it was acquired by him. This line of introduction no doubt provoked the evidence of which complaint is now made, for this challenged evidence is more or less responsive to evidence given by the same witness in answer to questions propounded by counsel for appellant. While the evidence quoted was not competent, as it did not relate to any offense committed by appellant, it was not prejudicial to him because it did not affect his substantial rights. It would hardly be believed that evidence such as this, although incompetent, could have affected the minds of the jury the slightest bit on the trial of the accused for selling liquor to the witness. This objectionable evidence only tends to prove that in

the city of Ashland, a populous and active business city, there were places at which whiskey could be purchased other than from appellant.

Instruction number one, of which appellant complains, in substance reads: "If the jury believe from all the facts and circumstances proven in evidence beyond a reasonable doubt that the defendant, Dave Bullington, in Boyd county, Kentucky, since June 30, 1920, and before May 5, 1921, when the indictment was filed, did sell to Charles Lovejoy a pint or some other quantity of whiskey, then the jury should find him guilty as charged in the indictment and fix his punishment as prescribed by the statutes. It is said in criticism of this instruction that it allows the jury to find defendant guilty upon all the facts and circumstances in the case, and that the incompetent evidence above referred to was included within the instruction and the jury allowed to base its verdict thereon. The prosecuting witness testified definitely and clearly that he bought a pint of liquor from appellant in appellant's restaurant in Ashland on a certain day and paid him therefor ten ($10.00) dollars. There were some other circumstances in corroboration of said witness' evidence. Had the jury considered the objectionable testimony it could not have found in it any evidence whatever of appellant's guilt, and it cannot be presumed that the jury did base its verdict to any extent upon the wholly incompetent and irrelevant evidence which did not tend even to prove in the slightest that appellant sold the whiskey out of which the indictment grew. This court is not authorized to reverse judgments of conviction upon any but substantial grounds.

Perceiving no error to the prejudice of appellant the judgment is affirmed.

Judgment affirmed.