CASE 38—ACTION ON FORFEITED PEACE BOND—SEPTEMBER 22.

# Commonwealth v. Williams, Etc.

### APPEAL FROM MONROE CIRCUIT COURT.

RECOGNIZANCE TO KEEP PEACE—ACTION FOR PENALTY.—In an action by the Commonwealth to recover the penalty in a bond to keep the peace, under subsections 2 and 3, sec. 391, Crim. Code, it is necessary to allege a conviction of the principal in the bond of a felony or of an offense involving a breach of the peace.

N. H. W. AARON, COMMONWEALTH'S ATTORNEY, AND W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLANT.

In an action to recover the penalty of a peace bond a judicial conviction is not a condition precedent to a recovery. To so hold would defeat, in some instances, the purpose of the bond. Crim. Code, secs. 384, 391, 262, 263, 264; Rankin v. Com., 9 Bush, 553.

W. L. PORTER ALSO FOR APPELLANT.

To the same point, Crim. Code, sec. 391-2; Rankin v. Com., 9 Bush, 553; Am. & Eng. Enc. of Law, vol. 3, p. 723.

BASIL RICHARDSON FOR APPELLEES.

> Section 391, subsections 2 and 3, constitutes a part of the recognizance, and no recovery can be had without alleging a judicial conviction. Com. v. Mahoney, 2 Ky. Law Rep., 314; Rankin. v. Com., 9 Bush, 553; Johnson v. Clem, 5 Ky. Law Rep., 793.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment sustaining a demurrer to a petition instituted in the name of the Commonwealth, seeking to recover the penalty upon a recognizance to keep the peace, taken under section 393 of the Criminal Code. The petition does not allege a judicial conviction of the principal in the recognizance of any offense involving a breach of the peace, or of a felony, within the time specified in the bond. It is alleged that after the execution of the bond, and within the time specified therein, the principal committed a breach of the peace, and, when forcibly resisting arrest therefor, was shot and killed by the sheriff; and the question is, can the Commonwealth, under these circumstances, forfeit the recognizance for good behavior and to keep the peace, executed by appellees for deceased, and recover the penalty, or is it restricted, by the provisions of section 391 and subsections 1, 2, and 3 thereunder, to a recovery only when it can show a judicial conviction of an offense involving a breach of the bond, or of a felony? The law which permits courts to exact bond from a citizen to keep the peace, or for his good behavior, is regulated by the provisions of chapter 2, tit. 10, of the Criminal Code, and section 391, and sub-sections 1, 2, and 3 thereunder, specifying the breaches of the bond which authorize its forfeiture and the recovery of the penalty named. One of these conditions is that there must have been a judicial conviction of the de-

fendant of an offense involving a breach of the peace, or of a felony, within the period specified by the bond. See Cr. Code, sec. 391, subsecs. 1-3. The conviction of the defendant of one of the offenses named is required to enable the Commonwealth to maintain the action under the statute, and such conviction must be alleged. As the Commonwealth failed and is unable to make this necessary averment in its petition, the demurrer was properly sustained. The judgment is therefore affirmed.