## Allen, et al. v. Commonwealth.

(Decided October 14, 1910.)

## Appeal from Clay Circuit Court.

1. Local Option—Violation—Bond for Good Behavior—Double Punishment.—Section 3 of section 2557-b, Ky. St., local option statute, providing that "on a second or any subsequent conviction for a violation thereof, the court shall require the defendant to execute bond in the sum of $200.00 to be of good behavior for twelve months," is clearly within the limits of the state's police power, and is not a double punishment for the same offense.

2. Same—Enforcement of Penalty—Action on Bond—Confession by Demurrer.—In a proceeding by petition by the commonwealth, against a defendant for a violation of his bond executed under section 3 of section 2557-b, by the alleged selling of whiskey in local option territory after the execution of his bond, it was not necessary that a conviction should be had in order to enable the commonwealth to enforce the penalty of his bond. A demurrer to the petition confessed the truth of the allegations, and when this was overruled and no answer filed, they were properly taken as true, and a judgment for the sum named in the bond was correctly awarded.

J. W. WRIGHT for appellants.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

This is an appeal by Joab Allen, principal, and T. Y. Marcum, surety, from a judgment in the Clay circuit court for one thousand dollars for a breach of a bond executed by them to the Commonwealth under subsection 3, of 2557b, Ky. Stats. The order of the Clay circuit court under which the bond was given states the facts fully and succinctly, and we incorporate it as a part of our opinion. It is as follows:

"The defendant, Joab Allen, now being in custody of this court upon several indictments charging him with

selling whisky in violation of the local option law in Clay county, Kentucky, and having made known to the court and the attorney for the commonwealth his desire to go out of the business of handling whisky in any form, and said Allen having been fined at the present term of this court one hundred dollars in each five cases for selling whisky in violation of the local option law, and having been tried and found guilty at each of several former terms of said court, and having made known to the court his desire and intention to pay said fines and cost, and having made known to the court his willingness to execute bond to the Commonwealth of Kentucky in the sum of one thousand dollars ($1,000), that he nor his firm will not again sell whisky in violation of law in the state aforesaid during the twelve months next ensuing nor allow same to be done by his family nor any member thereof on premises under his control or occupancy. It is now agreed by the court and the attorneys for the commonwealth that the further prosecution of the remaining cases against said Allen now pending in this court for selling liquor, and those that may be made hereafter for sales heretofore made by him in violation of law, be and the same is now suspended upon the following conditions:

"1st. Said Joab Allen is to immediately pay into court for the commonwealth of Kentucky the above-mentioned five hundred dollars in fines, and the cost of said cases.

"2nd. Said Joab Allen, and his son, George Allen, are to each execute bond in the sum of one thousand dollars ($1,000), to the commonwealth of Kentucky, conditioned that they nor either of them, nor their firm, will again sell, directly or indirectly, any spirituous, vinous, malt, or other liquor in the state of Kentucky in violation or evasion of law, nor allow same to be done by any member of their family, or other persons on premises in their possession, occupancy or control during the next twelve months.

"3rd. Upon it being made known to the court, commonwealth or county attorney of the county aforesaid, that Joab Allen or his son, George Allen, either or both, have violated or suffered to be violated any provision of this agreement, or made known to them or either of them that said Allen or either of them have again sold or handled whisky in violation of the law, in the twenty-seventh judicial district of Kentucky, even after the ex-

piration of twelve months, then the operation of this order shall cease to be binding and each of the untried cases aforesaid shall stand ready for trial without further notice to the said Joab Allen.

"4th. The untried cases mentioned herein shall remain upon the docket of this court pending the good behavior of the said Joab and George Allen in the matters above set out."

After the foregoing order was entered, the appellant, Joab Allen, paid into court five hundred dollars in fines and costs, and executed in open court, with the appellant, T. Y. Marcum, as his surety, the following bond:

"The defendant, Joab Allen, being in custody and being charged with the unlawful sale of liquor and being admitted to bail in the sum of $1,000, personally appeared in open court T. Y. Marcum, and acknowledged himself indebted to the commonwealth in the sum of $1,000, but to be void, however, if the defendant, Joab Allen, or his son, George Allen, shall keep the peace and be of good behavior toward all the citizens of this Commonwealth for the period of twelve months, and that during said period that they nor either of them will again sell, directly or indirectly, any spirituous, vinous, malt, or other liquors in the state of Kentucky, in violation or evasion of law, nor allow same to be done by any member of their family or other persons on premises in their possession, occupancy or control, during said period of twelve months, and if they fail in either of these conditions, that he, the said Marcum, will pay to the commonwealth of Kentucky the sum of one thousand dollars."

Afterwards the Commonwealth, claiming that the appellant, Joab Allen, had violated his bond above set forth, instituted this penal action against the appellants, setting forth in the petition the entering of the foregoing order by the court and the execution of the bond by the appellant, and then alleging that afterwards the appellant, Joab Allen, within twelve months next ensuing after the execution of the bond, did unlawfully engage in manufacturing and selling by retail and by wholesale spirituous, vinous, malt and other liquors in evasion and violation of the local option laws of Clay county and of the state of Kentucky; that the liquor was sold in Clay county and in open and notorious violation of the local option law therein prevailing, to divers persons in Clay county whose names were unknown to the plaintiff, but who were well known to the defendant; and having so

alleged, it prayed for a judgment against the appellants in the sum of one thousand dollars. To this petition a general demurrer was interposed by the defendants (appellants), which was overruled by the court; and thereupon the defendants declined to plead, and a judgment was entered against them for the sum of one thousand dollars and for costs, as prayed in the petition. From this judgment this appeal has been prosecuted.

Subsection 3 of section 2557b, Ky. Stats., under the provisions of which the bond involved herein was executed, is as follows:

"On the second or any subsequent conviction for a violation of said act, or any of its amendments, the court shall require the defendant to execute bond in the sum of two hundred dollars to be of good behavior for the period of twelve months.

"The court may, in its discretion, increase the amount of the bond, and if the bond is not given the defendant shall be committed to the county jail for a period not exceeding ninety days, to be fixed by the court."

Several errors are urged as grounds for a reversal of the judgment complained of. Among other things, it is said that the statute above quoted, which authorizes the giving of the bond, is unconstitutional in that it punishes the offender twice for the same offense. Manifestly, this position is unsound. The statute is clearly within the limits of the state's police power. After an offender has been convicted the second or any greater number of times for violations of the local option law, the court is authorized to require of him a bond for his good behavior for a period of twelve months. This is practically what every court of criminal jurisdiction may do in order to keep the peace; and it cannot be said that this is a double punishment for the same offense. The power to require such a bond is necessary for the protection of society, and we think the statute is a wise and beneficial law.

Again, it is said that there is no allegation in the petition that the defendant had been convicted for selling liquor after the execution of the bond. This allegation is not necessary. The petition sets out in plain and unmistakable language that, after the execution of the bond sued on, the defendant sold by wholesale and retail spirituous, vinous and malt liquors to various persons, in open and notorious violation of the local option law prevailing in Clay county. The demurrer confessed the truth of these allegations, and when this was overruled

and the defendants failed to answer or deny them, they were properly taken to be true; and this being so, a judgment for the sum nominated in the bond was correctly awarded. It was not necessary that a conviction should be had in order to enable the commonwealth to enforce the penalty of the bond. Indeed, if appellant, Joab Allen, who was the principal, had been convicted, this would not have bound his surety; and this action would have been necessary in order to obtain a judgment against appellant Marcum. Jones v. Paducah, 31 Ky. Law Rep., 1203.

A careful reading of the record convinces us that the appellants have no legal ground for a reversal of the judgment, and it is, therefore, affirmed.