## Combs v. Commonwealth.

(Decided January 23, 1917.)

### Appeal from Perry Circuit Court.

1. Bail—Bond Under Section 2557b, Kentucky Statutes.—The bond which the court may require under subsection 3 of section 2557b of the Kentucky Statutes may be taken by defendant and his surety entering into a recognizance of record as in cases of bail bonds, when it is given in open court.

2. Bail—Bond Under Section 2557b, Kentucky Statutes.—Such bond cannot be required unless the second offense was committed after the first conviction, but it will be presumed in favor of the judgment of the court requiring it in a suit upon the bond, which is a collateral attack of that judgment, that such facts were made to appear to the court. To question the court's jurisdiction in ordering or requiring bond, there should have been an appeal from such order.

3.    Bail—Proceeding to Recover Upon Bail Bond.—It is competent
      for the Commonwealth to proceed for a recovery upon violation of
      the terms of such bond by an independent proceeding in the nature
      of a civil action.

4.    Bail.—Discretion in Fixing Amount—Bail Bond.—The statute gives
      the court a discretion to fix the amount for which the bond should
      be executed in a sum larger than $200.00, and where the· facts
      show that the defendant had been a regular and persistent violator
      of the laws, a required bond in the sum of $1,000.00 is not an abuse
      of the court's discretion.

C. W. NAPIER for appellant.

M. M. LOGAN, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.·

Britt Combs was convicted in two cases at the August, 1914, term of the Perry Circuit Court, of selling liquor in violation of the local option law. On the third day of the following May term of that court he was convicted in one case of the same offense, and on the fourteenth day of that same term he was again convicted in seven cases for the same offense. Immediately after the rendition of judgments against him on the latter day, the court required· him to execute. bond as provided by subsection 3 of section 2557b of the Kentucky ·Statutes, the subsection being as follows:

"On the second or any subsequent conviction for a violation of said act, or any of its amendments, the court shall require the defendant to execute bond in the sum of two hundred dollars to be of good behavior for the period of twelve months.

"The court may, in his discretion, increase the amount of the bond, and if the bond is not given the defendant shall be committed to the county jail for a period not exceeding ninety days, to be fixed by the court."

After this, and upon the same day, Britt Combs, together with his surety, the appellant, Jack Combs, appeared in open court and entered into recognizance with the Commonwealth of Kentucky in the penal sum of one thousand dollars, that being the amount of the bond required by the court, conditioned that "the said Dr. Britt Combs would keep the peace and be of good behavior towards all citizens of the Commonwealth for a period of twelve months from this date and would not during

said period of time commit any offense against the laws of this Commonwealth and would not in said period of time sell any spirituous, vinous or malt liquors or mixtures thereof, or liquid mixtures or' decoctions which produce or cause · intoxication, either directly or indirectly, and would not, in said period of time, suffer or permit any such liquors to be sold, disposed of, obtained or furnished on premises in his occupation or control, and covenanted that in default of any obligation thereof they would pay to the Commonwealth of Kentucky the sum of one thousand dollars, which bond was entered in open court.''

At the following August, 1915, term of the court, the principal in the recognizance, Britt Combs, was indicted, tried and convicted for six separate violations of the local option law, which violations, or at least some of them, are shown to have been committed after the taking of the recognizance at the May, 1915, term of the court. This suit was filed by the Commonwealth, through the Commonwealth's Attorney of that judicial district, against Britt Combs and his surety, Jack Combs, seeking a recovery of the amount stipulated in the bond upon the ground that its condition had been broken by the defendant, Britt Combs, selling liquor in violation of law after its execution.

A demurrer to the petition was overruled and a written answer filed which denied everything in the petition except the entering in the recognizance. The suit was dismissed as to the defendant, Britt Combs, but proceeded as to his surety, Jack Combs, and upon trial before the court, a jury having been waived, judgment was rendered against him for the full amount stipulated in the recognizance, and to reverse that judgment he prosecutes this appeal.

The grounds urged for a reversal are: (1) ''Because plaintiff's action was based upon the personal recognizance of the defendants, Dr. Britt Combs and Jack Combs, and neither the defendant, Dr. Britt Combs, or Jack Combs was required to sign any bond to keep the peace, or any other writing or obligation whatever, and in fact the defendants nor either of them, signed any bond whatever, nor neither was required by the court to do so.'' (2) ''Because the record does not show by separate and distinct order that the court required the execution of the recognizance, nor does it appear of

record that the violations for which Britt Combs was indicted and convicted at the May, 1915, term of the court, occurred subsequent to the August, 1914, term of the court.'' In other words, complaint is made that it is necessary for the records of the court to show, in order for the exercise of the authority to require the bond, not only that there was a second conviction, but that such conviction was for an offense committed after the first conviction.

That courts are vested with power and authority, under proper showing, to require violators of the law to enter into obligation to keep the peace and otherwise observe the rules of rectitude and decency, has long been upheld. The courts were vested with such authority in many instances under the common law. 4 Blackstone's Commentaries, pages 254 and 255. The end sought to be accomplished is twofold—prevention of future misbehavior of defendant, and to reform him. Many of the states have enlarged the common law authority in regard to this particular power of the courts, and so long as it is confined in its exercise to such instances as will have a reasonable and probable tendency to accomplish either of the purposes before mentioned, the statutes have been upheld. Slate v. Woodard, 7 Kansas App., 421, idem 423; State v. Miller, 56 Pac. R. 1132. In 12 Cyc., page 973, the authority of the court or presiding judge to require such bonds as we now have under consideration, both at common law and by statute, is thus stated:

''At common law the judge may, in cases of conviction of gross misdemeanors, require the convict to give security for his future good behavior. In some of the states the power of requiring security for good behavior, in addition to the infliction of a punishment, is conferred upon the courts by statute. A bond, when required, should be a general bond for good behavior, and not a special recognizance against the doing of a specific act not in itself a gross misdemeanor.''

The same principle is stated in 5 Cyc. 1028, and has been recognized by this court continuously from its creation.

By the demurrer it may be insisted that the character of proceeding or remedy employed in this case was called in question, for it might be contended that the obligation being made in the nature of a recognizance

should be enforced by an order taking it for forfeited, and upon which a summons for the defendants should have been issued, as is the practice in cases of a forfeited bail bond; but this is untenable for several reasons, among which are that by statute the Commonwealth is given a right to proceed where certain characters of punishments are involved, especially where the infliction of a penalty is sought to be enforced, by a penal action in the nature of a civil proceeding such as this is. The supposed analogy between the remedy for the enforcement of a forfeited bail bond and this character of proceeding does not obtain, as the right to a forfeiture of bail bonds is manifested by the fact of the defendant's absence in court, or at the place where his bond required him to be; while in this character of case the right of the Commonwealth to recover must be shown by testimony heard. Furthermore, in 5 Cyc., page 1028, with reference to this character of remedy, this statement is found:

"It is, however, to be observed that, strictly speaking, such proceedings are not criminal or even quasi criminal in their character, and that the rules governing criminal proceedings are not applicable to them." But whether a proceeding to require one to execute bond to keep the peace or to secure his good behavior is a criminal or civil proceedings, we are convinced that an action by the Commonwealth of the nature of the one employed in this case is a permissible remedy to recover for a violation of the bond.

Recurring now to the grounds hereinbefore stated for a reversal, and considering the first one, it is sufficient to say that the question presented is not to be determined by what may be the technical definition of the word *bond,* as used in the statute, nor to determine what is ordinarily included within the scope of that term when used in such connections. Subsection 3 of the statute, *supra,* under which the obligation sued on was taken, was enacted long after the enactment of chapter 2, title 10, of the Criminal Code of Practice. That chapter of the Criminal Code deals generally with the subject of, and authority for, the requiring of bonds to keep the peace or for good behavior, and section 393, which is a part of it, is: "If the security required in this chapter be given in court, it may be by a recognizance entered into in open court, and entered upon

the records by the clerk.'' Subsection 3 of the section of the statute, *supra,* is but an enlargement of the scope of that chapter of the Criminal Code, including the creation of additional instances when such bond may be required. It is to be presumed that the method of taking the bond therein provided for, as well as the character of the obligation which the court might require, should be governed by the provisions of the Criminal Code of Practice then in existence applicable to that subject, and that it was recognized by the legislature when it enacted subsection 3 of the statute that it would be competent for the court, if the bond should be executed in court, to accept it in the form of a recognizance. We, therefore, conclude that the court had authority to require the obligation entered into to be executed as a recognizance and entered upon the records of the court.

Considering now the second point urged, it may be admitted, as it is true, that before the bond can be exacted by the court the second conviction must be for an offense which was committed after the first conviction. Hyser v. Commonwealth, 116 Ky. 410; Sharp v. Commonwealth, 124 S. W. (Ky.) 316. But in each of those cases the question was raised by a direct appeal from the order or judgment of the court requiring bond, and the question was presented to this court in a direct proceeding prosecuted for the very purpose of calling in question and to reverse the court's judgment wherein the bond was exacted. The facts are altogether different in the case with which we are dealing. There was no appeal from the order of the court requiring the execution of the recognizance. On the contrary, it was executed without question, and after, as it appears of record, that there had been previous convictions of the defendant, Britt Combs, at the August, 1914, term of the court. In the order requiring the recognizance to be executed it appears that the court found that the defendant, Britt Combs, had been twice convicted in that same court for the offense of selling liquor in violation of the local option law, and in this collateral attack of that order it will be presumed (especially if it is shown that the second conviction was at a subsequent term of court to the first conviction) that the court found the requisite facts to authorize it to require the bond to be executed. In other words, it

will now be presumed that the rule as to the subsequent commission of the second offense as announced in the cases, *supra,* was adhered to and observed by the court when it made the order requiring the execution of the bond.  If the court's judgment in that particular was erroneous because of a non-compliance with the rule as held in the cases to which we have adverted, it was the duty of the defendant, if he desired to question it, to have prosecuted an appeal.  This he failed to do, and in this collateral attack the ancient and long-adhered to rule that the necessary facts conferring jurisdiction will be presumed will be applied.

What we have just said also applies to the objection that the court should not have required a bond for a larger sum than two hundred dollars.  But if we were at liberty to review the order of the court in this particular, it will be found in the last paragraph of the subsection of the statute, *supra,* that the court in its discretion, may increase the amount of the bond, and we do not find wherein that discretion was abused in this case.  The very purpose of lodging such discretion with the court was to enable it to make the preventive remedy apply to the facts of the case so as to accomplish the desired purposes, one of which is, as we have seen, to prevent a recurrence or repetition of the law's violation.  The defendant, Britt Combs, is shown to have been incorrigible.  The docket of the court at each term was plastered with indictments against him, and if the court has authority to enlarge the fixed sum of two hundred dollars found in the statute in any case at all, under the discretion given to it, it most certainly should have done so in this case, and under the facts presented we do not find that it abused that discretion.

Perceiving no errors, the judgment is affirmed.