## City of Maysville v. Key.

(Decided January 30, 1923.)

### Appeal from Mason Circuit Court.

Municipal Corporations—Fines for Use and Benefit of.—A city of the third class may, under sections 3360 and 3368, Kentucky Statutes, have and appropriate as general revenue all fines recovered in the name of the city, or in the name of the Commonwealth for the use and benefit of the city in its courts for any violations of its ordinances, or of the state law where the prosecution originates in its courts; and if the defendant appeal to the circuit or other courts from a judgment of recovery in a police court, such judgment in the court appealed to shall be for the use and benefit of the city in all cases originating in the city courts and which are reduced to judgment in that court.

H. W. COLE, DONALD WOOD and ALLAN D. COLE for appellant.

W. H. REESE and B. S. GANNIS for appellee

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON---
Reversing.

This is an action by the city of Maysville, a municipality of the third class, against James B. Key, clerk of the Mason circuit court, to recover the sum of $300.00 fine and $15.00 cost, which were assessed against one Wm. Edgar who was tried in the police court of said city on a charge of violating the prohibition laws of the Commonwealth and convicted and fined said sum of $300.00 and cost, and given a jail sentence and who later appealed from said judgment to the Mason circuit court where, upon the same charge, he was in a *de novo* trial again found guilty and his punishment fixed at a fine of $300.00 and cost and a term in the county jail, which fine and cost he later paid to appellee Key, as clerk of the Mason circuit court, and which money the said Key, clerk, holds pending this litigation.

The foregoing facts were made to appear in the petition of the city of Maysville against Key, to which a general demurrer was interposed and sustained by the trial court. From a judgment dismissing his petition when he failed to further plead after general demurrer had been sustained, this appeal is prosecuted.

Whether the city of Maysville was entitled to recover the said $300.00 depends upon the construction to be put

upon sections 3360 and 3368, Kentucky Statutes, which two sections relate to the collection and appropriation of fines by municipalities of the third class. Section 3360 reads:

"All prosecutions in said court for violations of ordinances and bylaws shall be by warrant or summons in the name of the city, and all others in the name of the Commonwealth for the benefit of the city, and all fines and forfeitures recovered in said court shall, when collected, be paid into the treasury of the city for the use and benefit of the general revenue fund of the city, except thirty per cent of the same, which shall be for the benefit of the prosecuting attorney of the police court."

It is insisted by the Commonwealth that this section of the statutes does not give the city, in a case like the one we have under consideration, the right to claim and have the fine collected from a judgment entered in the circuit court on appeal from a judgment of conviction had in the police court of such city; but only gives the municipality the right to such funds as arise from fines and forfeitures actually recovered in the police court, not those which are recovered in the circuit court although the prosecution originated in the police court and after conviction in that court was appealed to the circuit court and was there again tried. In substantiation of this contention the Commonwealth cites section 3517, Kentucky Statutes, governing such matters in municipalities of the fourth class, where it is specially provided that "all fines and forfeitures recovered in any court the prosecution of which originated in the police court, in the name of or in favor of the Commonwealth of Kentucky for violation of penal laws committed within said city's police jurisdiction, are hereby granted to the city without regard to which court the final judgment was rendered in, and when collected either in the police, the circuit court or the county in which said city is located, or in the court of appeals, after the payment of all fees and costs, the proceeds of said judgment shall be paid to the treasurer of said city." It is argued that in as much as this statute specifically directs that fines in cases originating in the police court shall belong to the city, it by implication precludes a city of the third class from taking the fines under section 3360, Kentucky Statutes, where the provision is: "All fines and forfeitures recovered in said court shall, when collected, be paid into the

treasury of the city for the use and benefit of the general revenue fund." While section 3360 is not so specific and complete as is section 3517, we think it is intended to accomplish the same purpose, for it provides that the city shall have all fines and forfeitures recovered in the police court, when collected, and we think a reasonable construction of this language gives the city such funds in every case in which the prosecution originates in the said police court and a judgment is there rendered in favor of the city or the Commonwealth against the defendant from which judgment the latter appeals to the circuit court where a similar penalty is imposed. This construction is borne out by section 3368, Kentucky Statutes, where it is provided that "All capiases and executions from the police court, or on *appeals* therefrom, shall be directed to and placed in the hands of the city marshal, and all money collected on the same, including costs and commissions, shall be by the marshal immediately paid into the city treasury, and the treasurer's receipt taken for the same." The city attorney is required not only to attend the police court and prosecute cases arising under the laws of the state in that court, but must attend the circuit court and prosecute any violator who appeals from the police court to the said circuit court, and this duty is imposed by section 3372, Kentucky Statutes.

As a police court has, under the prohibition act of 1922, jurisdiction of offenses under that act where the punishment is not greater than a fine of $300.00 and a jail sentence of sixty days, the police court of Maysville had jurisdiction to enter the judgment under consideration, and as the Commonwealth's attorney under the said act of 1922, section 43, is prohibited from receiving any part of the fines assessed in police courts of cities, or assessed on appeal, from a judgment of such police court where the city by-law was at the effective date of the act given the benefit of fines assessed in prosecutions originating in such police court, it seems to us that these several acts taken and considered together must be construed to give to municipalities of the third class, such as Maysville, the exclusive right to all funds arising from fines and forfeitures in cases where the prosecution originated in police courts and a recovery was had in said court, even though the final judgment was entered on an appeal by a defendant to the circuit court from a judgment of the said police court. It, therefore, follows that the Mason circuit court erred to the prejudice of appel-

lant city in sustaining a demurrer to its petition and dis-' missing its action.

The judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.