## Ricketts v. Commonwealth.

(Decided February 6, 1923.)

### Appeal from Christian Circuit Court.

1. Criminal Law—Warrant—Amendment on Appeal.—On appeal in a prosecution for a violation of the prohibition act, the trial is *de novo* and the circuit court has the same power as the inferior court to amend the warrant.
2. Intoxicating Liquors—Unlawful Possession—Trial—Instructions— Possession Unlawful if Unlawfully Acquired.—Under sections 1 and 9, chapter 33, Acts 1922, one's possession of intoxicating liquor is unlawful if the liquor was unlawfully acquired, and on a prosecution for unlawful possession an instruction to that effect is proper.
3. Intoxicating Liquors—Unlawful Possession—Trial—Instructions— How Intoxicating Liquor May be Lawfully Acquired.—Though the rule is different as to intoxicating liquor acquired before prohibition went into effect, the only way in which intoxicating liquor may be lawfully acquired under chapter 33, Acts 1922, is by the prescription of a licensed physician, and on a prosecution for unlawful possession, an instruction to that effect is proper.

THOS. P. COOK for appellant.

CHAS. I. DAWSON, Attorney General, and MARTIN KELLY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who was convicted of the unlawful possession of intoxicating liquor, seeks a reversal of the judgment.

The facts are these: After appellant had been arrested for drunkenness, there was found on his person a half-pint bottle containing moonshine whiskey. Appellant claimed that he was suffering from a toothache, and bought the whiskey to relieve the pain. He admitted, however, that the liquor flew to his head and made him drunk.

The case was tried in the circuit court on appeal, and it is insisted that that court was without authority to amend the warrant. This contention is without merit, for it has long been the settled rule that as the trial on appeal is *de novo*, the circuit court has the same power as the inferior court to amend the warrant. Pabst v. Commonwealth, 107 S. W. 728, 32 Ky. L. R. 1010; City of Louisville v. Wehmhoff, 116 Ky. 812, 76 S. W. 876, 79 S. W. 201; Mallon v. Commonwealth, 30 Ky. L. R. 328, 98 S. W. 315.

Another contention is that the uncontradicted evidence showed that appellant acquired the liquor for medicinal purposes, and that the court erred not only in authorizing appellant's conviction if the jury believed from the evidence, beyond a reasonable doubt, that he was in possession of moonshine whiskey which had been unlawfully acquired, and which was not for sacramental, medicinal, scientific or mechanical purposes, but in also telling the jury that in order to acquire liquor lawfully for medicinal purposes, it must be obtained upon the prescription of a licensed physician. The argument is that if liquor is possessed for medicinal purposes, it is immaterial how it was acquired, and that it would be absurd to hold that before one could use whiskey for a rattlesnake bite he would first have to procure the whiskey on a prescription of a regular physician. The question with us is not what the legislature should have provided, but what is the law as declared by the legislature. Section 1, chapter 33, Acts 1922, is as follows:

"That it shall be unlawful to manufacture, sell, barter, give away, or keep for sale, or unlawfully have in possession or transport spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky."

Section 9, chapter 33, Acts 1922, is as follows:

"No person or persons, company or corporation, shall possess or have in possession any spirituous, vinous or malt liquors unless same have been lawfully acquired and are intended to be used lawfully; and in any suit, prosecution, proceeding or action, or motion concerning same, the burden of proving that same have been lawfully acquired and are intended to be used lawfully shall be upon the defendant or defendants."

It will thus be seen that not only is the unlawful possession of intoxicating liquors a crime, but that one's possession of intoxicating liquors is unlawful, "unless same have been lawfully acquired and are intended to be used lawfully." Though the rule is different as to intoxicating liquor acquired before prohibition went into effect, it is apparent from the statute, construed as a whole, that the only way in which intoxicating liquor may now be lawfully acquired is by the prescription of a licensed physician. It follows that the trial court did not err in giving the instructions complained of.

Judgment affirmed.