## Keifner v. Commonwealth, for Use, etc.

(Decided November 21, 1924.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Conviction in Police Court Not Bar to Retrial in Circuit Court to which Accused Appealed.—Conviction in police court is not bar to retrial of case in circuit court, to which accused had appealed.

2. Criminal Law—Intoxicating Liquors—Affidavit Creating Reasonable Belief of Possession of Liquors, Justified Search Warrant and Introduction of Liquors Found.—Affidavit stating facts sufficient to create in mind of any reasonable judge belief that accused was guilty of possessing intoxicating liquors in violation of law, warranted issuance of search warrant and introduction in evidence of liquor seized.

3. Intoxicating Liquors—Unnecessary to Prove Percentage of Alcohol which Wine Contains.—In prosecution for unlawful possession of wine, it is not necessary to prove percentage of alcohol which liquor contained, being sufficient to prove that it was intoxicating.

R. P. ROBERTSON and W. E. AUD for appellant.

O. L. FOWLER and FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

On this appeal appellant, Keifner, insists that the judgment of conviction against him should be reversed because of errors committed by the trial court, (1), in sustaining a demurrer to appellant's plea of former jeo-

pardy; (2), because the search warrant was insufficient and the affidavit did not state facts sufficient to produce in the mind of the judge issuing the warrant probable cause for believing that an offense had been committed; (3), all the evidence introduced for the Commonwealth was incompetent because obtained in an unlawful manner, that is, under a defective search warrant and; (4), there was no evidence to show that the wine found in possession of appellant was intoxicating.

His plea of former jeopardy is rested upon a conviction of the same offense in the police court of the city of Owensboro. When he was first arrested he was carried before that court for trial and was convicted. From the judgment of conviction he appealed to the Daviess circuit court. In his plea of former jeopardy he attempted to make the conviction in the police court a bar to a retrial of the case in the circuit court to which he had appealed. It is a novel notion and absolutely unsound. Having prayed an appeal to the circuit court he cannot plead former conviction in the police court as a bar to a hearing on his appeal. His contention that the court should have overruled the demurrer to his plea of former jeopardy wholly without merit.

The affidavit upon which the search warrant was issued states facts sufficient to have created in the mind of any reasonable judge the belief that appellant was guilty of possessing intoxicating liquors in violation of law. It sets forth facts. These facts when construed in the light of all the surrounding circumstances referred to in the affidavit, leave no doubt that appellant had in his possession at that time intoxicating liquors for other than lawful purposes. The search warrant was in the regular form, and therefore sufficient.

Inasmuch as the affidavit and search warrant were sufficient appellant can no longer contend that the evidence introduced by the Commonwealth was incompetent.

The officers found appellant in possession of more than half a barrel of wine which they testified was intoxicating, and they produced samples of it at the trial, and the jury was allowed to examine it. It was not necessary to prove the percentage of alcohol which the wine contained. It was sufficient to prove that it was intoxicating.

There is no merit in either of the contentions made by appellant and the judgment must be and is affirmed.

Judgment affirmed.