## Keifner, et al. v. Commonwealth.

(Decided April 19, 1927.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors.—Criminal Code of Practice, sections 382, 384, 385, 391, do not apply to bond executed under Ky. Stats., Supp. 1926, section 2554a-18, as security against future violation of intoxicating liquor law, so that conviction of possessing such liquor is not conclusive against surety, who may raise issue of principal's guilt or innocence, as by denying intoxicating qualities of liquor possessed, in proceeding to forfeit bond.

2. Intoxicating Liquors.—While continued possession of contraband liquor by one having reasonable time and opportunity to divest himself thereof, after being left in possession by peace officer in violation of Ky. Stats., Supp. 1926, section 2554a-14, would be equivalent to new possession authorizing second prosecution, surety on bond, executed under section 2554a-18 as security against future violation of liquor law by one not exercising any control over, nor molesting, wine left on his premises as required by officers seizing it, is not concluded by second conviction of possession.

BARNES & SMITH and LOUIS I. IGLEHART for appellants.

GLOVER H. CARY and WILBUR K. MILLER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing in part and affirming in part.

George W. Keifner was tried and convicted of the offense of unlawful possession of intoxicating liquors on the 4th day of January, 1924, and on the same date executed bond in the sum of $1,000.00 for his good behavior for 12 months, under the provisions of section 2554a-18, Ky. St. Supp. 1926. These proceedings were had in the police court in the city of Owensboro, and an appeal was taken from the judgment of conviction to the Daviess

circuit court, where a similar verdict was rendered. A further appeal was taken from the judgment of that court and dismissed in this court because the transcript was not filed in time.

In the meantime, on the 21st day of March, 1924, Keifner was again tried and convicted in the Daviess county justice's court for the unlawful possession of intoxicating liquors. A similar conviction was had on appeal of that case to the Daviess circuit court, and the judgment of that court was affirmed on appeal to this court. See Keifner v. Commonwealth, 205 Ky. 634, 266 S. W. 354. Subsequent to the filing of the mandate from this court in the latter case, the commonwealth of Kentucky instituted this action in the Daviess circuit court against the obligors in the peace bond mentioned, *supra,* to recover the amount thereof, the above facts being substantially alleged in the petition, which also described the manner of possession and the character of the alleged intoxicating liquor. The answer traversed the allegations of the petition and in the second paragraph alleged that the two prosecutions embraced but a single offense; that the first was founded upon a search of defendant Keifner's premises in which a small quantity of whiskey and a barrel of nonintoxicating liquid called "wine" were found; that the officers at the time took possession of the liquid, but refused to remove it, and commanded the defendant to permit it to remain upon the premises until the prosecution was finally concluded; that it did so remain without being touched by him in the same place and in the same condition as the officers left it; and that the second prosecution was based upon a subsequent search of his premises made on the —— day of March, 1924, the same liquid being the only liquid discovered thereon; that at that time the first prosecution was still pending, and the defendant Keifner was not in possession of this liquor at all, but merely allowing it to remain on his premises in the custody of the officers. Nevertheless he was apprehended and convicted though in fact both prosecutions constituted but a single offense, if indeed he was guilty of any offense. The court sustained a demurrer to the answer, and, the defendants failing to plead further, rendered judgment against them from which they appeal.

Section 391 of the Criminal Code provides that a judgment of conviction for a felony or for a breach of the

peace constitutes a breach of the bond executed in conformity with the provisions of sections 382, 384, 385, Criminal Code. But it will be observed that the bonds mentioned in those sections are allowed as protection against apprehended violence and stand upon a different footing from the one in question, which is executed solely as security against future violations of the law regulating intoxicating liquors, enacted March 22, 1922, and embracing sections 2554a-1, 2554a-45, Ky. Stats., Supp. 1926. The first-mentioned bond is executed with reference to the Code provisions, *supra,* and they become a part of it; hence the surety is bound by a conviction of the principal even though he is not made a party to the prosecution. The bond mentioned in section 2554a-18 is not for security against apprehended violence, and consequently the Code provisions, *supra,* do not apply to it, and there is nothing in the act of 1922 making the judgment in the prosecution conclusive against the surety. It follows that in a proceeding to forfeit such bond the surety may raise an issue as to the guilt or innocence of the principal. See City of Paducah v. Jones, 126 Ky. 809, 104 S. W. 971; Allen v. Commonwealth, 140 Ky. 302, 131 S. W. 6; Commonwealth v. Williams, 104 Ky. 308, 47 S. W. 214.

As the judgment of Keifner's second conviction was not conclusive upon the surety and as the first paragraph of the answer raised an issue as to the intoxicating qualities of the alleged wine, the court erred in sustaining a demurrer thereto.

Second. Under the provisions of section 2554a-14, Ky. Stats., Supp. 1926, an officer acting under a search warrant who finds a person in the unlawful possession of intoxicating liquor should arrest the offender and carry the liquor before the judge or magistrate who issued the warrant. The peace officer is not authorized to leave the liquor in the possession of the offender, and if he does so his action is illegal. Nevertheless, the offender might within a reasonable time divest himself of such possession without incurring the liability of a new prosecution; but if after having had a reasonable time and opportunity to do so he continues to hold the contraband liquor, this would be equivalent to a new possession and authorize a second prosecution. However, in the second paragraph of the answer it is alleged that the officers took possession of the wine and retained it in their custody, requiring the defendant to leave it on his premises,

and that in so doing he, exercised no control over or molested it in any way. If this was done bona fide it cannot be said that he was in possession of it; hence the demurrer to the second paragraph should have been overruled. This reasoning, however, applies only to Igleheart, the surety, and not to Keifner, the principal on the bond, as he has had his day in court.

Wherefore the judgment 'is reversed as to Igleheart and affirmed as to Keifner.