## Keifner v. Commonwealth.

(Decided June 19, 1928.)

### Appeal from Daviess Circuit Court.

1. Criminal Law.—Conviction for second offense of unlawfully possessing intoxicating liquor under Ky. Stats., Supp. 1924, sec 2554a-2 (Acts 1922, c. 33, sec. 2), held not against evidence though restaurant in which liquor was found was ostensibly owned and operated by defendant's wife.

2. Criminal Law.—In prosecution for second offense of unlawfully possessing intoxicating liquors under Ky. Stats., Supp. 1924, sec. 2554a-2 (Acts 1922, c. 33, sec. 2), omission of word "unlawful" from instruction was not prejudicial, under facts and in view of other instructions.

3. Intoxicating Liquors.—If employee of restaurant proprietor, charged with unlawfully possessing liquor under Ky. Stats., Supp. 1924, sec. 2554a-2 (Acts 1922, c. 33, sec. 2), had whisky for own purposes without defendant's authority, knowledge, or consent, "possession" of employee was not possession of defendant.

4. Intoxicating Liquors.—In prosecution for second offense of unlawfully possessing liquor under Ky. Stats., Supp. 1924, sec. 2554a-2 (Acts 1922, c. 33, sec. 2), where whisky was found in hands of employee of defendant in control of restaurant, refusal of court to instruct that, if whisky was on premises without defendant's

knowledge or consent, defendant was not in unlawful possession, held error, under evidence that whisky was brought in by patron.

W. E. AUD, J. R. HIGDON and ELMER BROWN for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

George W. Keifner was convicted of a second offense of unlawfully possessing intoxicating liquors, and sentenced to serve a year in the penitentiary. Kentucky Statutes, Supp. 1924, sec. 2554a2; Act March 22, 1922, c. 33, p. 109, sec. 2.

He complains on this appeal of several alleged errors which need not be separately stated, as they will be discussed and disposed of in the course of the opinion.

It appears that appellant bears a bad reputation for illicit dealing in liquor, and his name is a familiar one in our reports. Keifner v. Commonwealth, 205 Ky. 634, 266 S. W. 354; Keifner v. Commonwealth, 219 Ky. 453, 293 S. W. 970.

A search warrant was presented to appellant at a restaurant in Owensboro, which was proven by the witnesses to be his place of business. A small quantity of intoxicating liquor was found there, but it was at the time in the hands of an employee. We think the evidence for the commonwealth was sufficient to take the case to the jury. If the jury believed that the premises were actually in control of appellant, though ostensibly owned and operated by his wife, they were justified in finding him guilty, and the verdict is not flagrantly against the evidence. If no other error appeared, we would doubtless be justified by the decisions in holding that the omission of the word "unlawful" from the first instruction was not, under the facts of this case, and the other instructions given by the court, prejudicial to appellant's substantial rights. Lefler v. Commonwealth, 216 Ky. 176, 287 S. W. 569; Smith v. Commonwealth, 196 Ky. 188, 224 S. W. 407; Ricketts v. Commonwealth, 197 Ky. 571, 247 S. W. 731; Thacker v. Commonwealth, 199 Ky. 521, 251 S. W. 943. But we have concluded that the facts developed in this case required that an instruction be given to the jury presenting the defense relied upon by the appellant.

The testimony for the commonwealth showed that white whisky was found in the place of business, where

people resorted, but it was then in the hands of an employee, who testified that she found it in a toilet room where a patron of the place had left it. There was testimony that appellant had no agency in bringing it there, and no knowledge that it was on the premises. If appellant's agent had the whisky for her own purposes, although in his place of business, he was not in the unlawful possession of it, if it was without his authority, knowledge, or consent. Williams v. Commonwealth, 204 Ky. 538, 264 S. W. 1080; Addington v. Commonwealth, 200 Ky. 290, 254 S. W. 889; Sizemore v. Commonwealth, 202 Ky. 273, 259 S. W. 337; Skidmore v. Commonwealth, 204 Ky. 451, 264 S. W. 1053; cf. Pulliam v. Commonwealth, 211 Ky. 766, 278 S. W. 134.

Under the peculiar circumstances of this case, we are constrained to the conclusion that appellant was entitled to an instruction, in substance, that, if the whisky was on his premises without his knowledge or consent, and not by his direction or authority, he was not in the unlawful possession of the whisky, and should be acquitted.

We find no other prejudicial error in the record, but, since a new trial is necessary, the court will reform the instructions to conform to this opinion.

Judgment reversed for a new trial not inconsistent with this opinion.