## Commonwealth v. McKee.

March 26, 1943.

Hubert Meredith, Attorney General, M. Hargett and Lloyd A. McDonald for appellant.

O. R. Bright for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Record facts show that in 1939 John Harvey Rice was convicted of having in possession in local option territory, intoxicating liquors for sale purposes. Under the statute, KS Section 2554c-29, KRS 242.410, in addition to but not as part of the penalty, he was required to execute bond in the sum of $500, conditioning that he would not violate the local option laws for a period of twelve months, appellee becoming his surety.

In October of the same year officers searched his home and found several pints and half pints of whiskey. He was later indicted and convicted. His motion for appeal was denied by this court. Rice v. Com., 282 Ky. 852, 853, 138 S. W. (2d) 1038. In January, 1941, the commonwealth's attorney filed a petition setting up the above facts, making Rice and appellee defendants, asking judgment on the bond. McKee filed answer alleging that Rice was not guilty of the charge set up in the indictment; that he was not a party to the prosecution. In a second paragraph he attacked the formation of grand and petit jurors for the term at which Rice was tried, and charged that eligible colored persons residing in the county had been excluded from jury service solely on account of race and color, a matter which might have been of some pertinence in Rice's trial for the offense charged.

The case was called for trial in January, 1942, when appellee moved for continuance on the ground that the

jury commissioners "purposely" failed to place the names of colored jurors in the jury wheel. This was supported by affidavit. The court overruled the motion, and sustained plaintiff's demurrer to that portion of McKee's answer which raised the constitutional objection. This left as the only issue the defense that Rice had not violated the local option law the second time, upon which the case went to trial. In proof McKee admitted his suretyship. The commonwealth doubtfully taking the burden, KRS 242.230, introduced three or four officers who had made the search and found a quantity of whiskey in a handbag in Rice's home, all of whom testified that Rice's reputation was that of a bootlegger.

On the other hand Rice denied knowledge of the presence of the whiskey in his home, and produced proof which tended to show that the liquor belonged to one John Williams who had brought it to Rice's home for the purpose of celebrating his (Williams') birthday. Upon proof the jury returned the following verdict: "We the jury find for the defendant Garrett McKee," and the court adjudged "that the plaintiff take nothing and the petition be dismissed." The commonwealth filed motion for new trial. The only ground urged here is that the court refused to give instructions offered by the commonwealth, and over its objection gave an erroneous instruction. Those offered were as follows:

"The court instructs the jury that if they believe from the evidence that the defendant Rice, in the month of October, 1939, in Fleming County, kept for sale intoxicating liquor, they will find for the plaintiff and against the defendant Garrett McKee, in the sum of $500. Unless they so believe they will find for the defendant."

The second instruction offered allowed nine of the jury to find a verdict. The court gave this instruction:

"If this jury trying the issue joined herein believe from the evidence beyond a reasonable doubt that subsequent to September 13, 1939, the date of the execution of the bond sued on, and within the twelve months following, the defendant committed the offense of keeping intoxicating liquors for sale in local option territory, in Fleming County, then the jury will find for plaintiff, against the defendant McKee, his surety on the bond, in the sum of $500.

Unless you so believe you will find for the defendant McKee."

The contention of appellant is that the court erroneously required of the commonwealth the duty of proving, in this a civil case, the guilt of Rice beyond a reasonable doubt, whereas, the jury should have been instructed as in any other civil case. KRS 29.330.

Appellant takes the position that the proceeding is controlled by Section 392 of the Criminal Code of Practice which provides that the Commonwealth may proceed by action in the name of the Commonwealth against the defendant and his surety, upon a breach of the bond. In Keifner v. Com., 219 Ky. 453, 293 S. W. 970, we pointed out the distinction between an action to recover for the breach of a bond to keep the peace (Sections 382 to 393, Criminal Code of Practice) and one required under the statute, supra, and held the above Code provisions not applicable to the latter class.

We also held that when it was sought to hold the surety liable, it was proper to raise the issue as to the guilt or innocence of the principal. Here there was no issue raised by the principal. We cited several cases in support of our conclusions, which may be noted by reference to the Keifner case. In Moore v. Com., 293 Ky. 55, 168 S. W. (2d) 342, we held that while the result of the criminal prosecution is competent proof in civil actions, it is not conclusive.

There is no provision in the statute supra as to the method or manner of proceeding in seeking forfeiture of this character of bond, nor do we find anything in either of the Codes specially laying down procedure. It follows that where it is sought to hold a surety liable on the bond, the action is purely one of civil nature, the proceeding to be conducted as in any other civil case. It is true that in the case of Allen v. Com., 140 Ky. 302, 131 S. W. 6, cited in the Keifner case, supra, the opinion speaks of a similar action for breach of a like bond, as a "penal action." Where no specific procedure is provided by statute rights can be enforced only by civil action. Stephens v. Miller, 80 Ky. 47, Combs v. Com., infra.

The court below apparently treated the action as one penal, and followed the rulings of this court in respect of instructions in cases where the proceeding was

under Section 11 of the Criminal Code of Practice. The section referred to provides that a public offense, of which the only punishment is a fine, may be prosecuted by penal action in the name of the Commonwealth, etc. While it provides that such actions are to be regulated by the Civil Code of Practice, we have held in several instances that in such proceedings the defendant may plead "not guilty," and the Commonwealth must establish his case as if under indictment, and that the court should instruct the jury that it must, in order to convict, believe from the evidence beyond a reasonable doubt, as in a criminal case. We concluded in that case that proceedings, under the section mentioned, were regarded as quasi civil in nature. Montee v. Com., 3 J. J. Marsh. 132, 26 Ky. 132.

However, since in a suit to forfeit this bond for its breach by the principal, there is no semblance of penalty, but merely recovery of a fixed sum because of the breach, it should not proceed under the "penal action" sections of the Code, but under such provisions as relate to ordinary civil actions. Section 1139, Ky. Stats., KRS 431.100 provides that all fines or forfeitures, except where otherwise provided, shall vest in and inure to the Commonwealth, and may be recovered by civil procedure, or indictment.

We take it that the word indictment has reference to recovery of fines, since we have been unable to find a case where a forfeiture was recovered by warrant or indictment. However this may be, we find that the court has heretofore expressed the opinion that the proceeding must be conducted as any other civil action. In Rickman v. Com., 204 Ky. 848, 265 S. W. 452, it was sought to forfeit land owned by appellant because of the use thereof in renting property for illegal traffic in intoxicating liquors. The statute was silent as to method and manner. We held that while the right to forfeit depended upon the guilt or innocence of the principal (no surety involved), the proceeding was to be governed by the ordinary rules of civil practice.

We find that, without elaboration, we have specifically held that the procedure by civil action is a proper method. Combs v. Com., 173 Ky. 341, 191 S. W. 87. In Combs v. Com., Ky. 71 S. W. 504, where the proceeding was under Section 392 of the Criminal Code of Practice

in construing the section providing that the Commonwealth might proceed by action against the principal and surety, we held that the action should be in conformity to section 2 of the Civil Code of Practice, which defines a civil action.

Since there is no specific procedural provision for the forfeiture of this character of bond, we are of the opinion that the court should have given the usual and ordinary instruction applicable to civil cases, substantially as that tendered by the Commonwealth. This conclusion requires a reversal of the judgment, with directions to award a new trial consistent herewith.

Judgment reversed.