COMMONWEALTH of Kentucky for the Use and Benefit of the CITY OF MIDDLESBORO, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 8, 1957.

Thomas Z. Board, Middlesboro for appellant.

Farmer Helton, Commonwealth's Atty., Pineville, for appellee.

STANLEY, Commissioner.

We commend the parties for bringing the appeal on an agreed statement of the question presented as provided in Civil Rule 76. Observance of the rule simplifies the case and saves unnecessary costs.

One Taylor Yoakum was convicted in the police court of Middlesboro of violating the local option law. KRS 242.230, 242.990(3). He, with a surety, executed a bond for $500 "to be of good behavior for twelve months and not violate any of the provisions of this chapter." KRS 242.410. Yoakum was convicted in the Bell Circuit Court of again violating the local option law within the twelve-month period. Thereafter, Middlesboro filed suit in the circuit court against Yoakum and his surety to recover the amount of the bond for the use and benefit of the city. The Commonwealth's Attorney intervened and claimed recovery for the Commonwealth. Liability on the bond was confessed. The court adjudged the Commonwealth to be entitled to the recovery. The city has filed a motion for an appeal under KRS 21.060(2) (b), which is that if the amount involved is as much as $200, this court may grant an appeal as a matter of right from the judgment where "The correct decision of a case cannot be had without construing a statute or section of the constitution put in issue in the case." It will be noted that this is different from the provisions of KRS 21.-080, but the city, as a matter of precaution, has also filed a motion under that section.

The provision of the local option statute as to executing a bond of this character is the same in effect and similar in language to a provision in the statute in force under statewide prohibition. Ky. Stats. § 2554a–18, an Act of 1922, before repeal. We construed that statute as requiring a surety although it was not so specified. Harris v. Rhodes, 234 Ky. 546, 28 S.W.2d 757. The collection of the bond

upon a breach of its terms is by a civil action and not a proceeding to forfeit a bond to keep the peace executed under the Criminal Code of Practice. Keifner v. Commonwealth, 219 Ky. 453, 293 S.W. 970; Commonwealth v. McKee, 293 Ky. 706, 170 S.W.2d 340. So the provision in § 392 of the Criminal Code of Practice, upon which the appellee relies in part, that it is the duty of the Commonwealth's Attorney to proceed in the name of the Commonwealth to forfeit and collect the bond does not apply. The appellee argues that as KRS 26.530(3) provides that all fines and forfeitures "in any prosecution originating in the police court of any city of the third class shall be paid by the marshal into the city treasury," and that since this *action* did not originate in the police court but in the circuit court where the second conviction was had, the recovery is not for the city but for the state. In City of Maysville v. Key, 197 Ky. 454, 247 S.W. 374, 375, a party had been fined in the police court upon a conviction of violating the state prohibition law. On appeal to the circuit court, on a trial de novo, he was again convicted and fined the same amount. The City of Maysville sued to recover the amount of the fine from the circuit clerk, to whom it had been paid. The Commonwealth contended the city was not entitled to the money as the recovery was in the circuit court. We held, however, that since the case originated in the police court, the city was entitled to the fine. Both the appellant and the appellee in this case get some satisfaction out of that decision because of the use of the term "originate." It is not quite in point.

In the present case we are not concerned with a fine imposed for a single offense tried twice, but are concerned with the collection of a bond which was executed as part of a judgment of the police court. It "originated" there. This bond was in the nature of a contract between the government on the one side and the principal and surety on the other. 6 Am.Jur., Bail

and Recognizance, § 61; 8 Am.Jur., Breach of Peace, § 19. The bond was made "in favor of the Commonwealth of Kentucky for the use and benefit of the City of Middlesboro." The fact that a violation of the law which constituted a breach of the terms of the bond was proved in the circuit court and that the suit to recover was required by the necessity of jurisdiction to be instituted in the circuit court should not and does not deprive the City of Middlesboro of the right to recover on the bond.

We are of opinion, therefore, that the judgment is erroneous. The motion for an appeal is sustained and the judgment reversed for consistent proceedings.