## Bullington v. Commonwealth.

(Decided January 27, 1922.)

## Appeal from Boyd Circuit Court.

1.  Criminal Law—Commission of Other Crimes.—The commission of other crimes by the defendant, even though of the same sort, should not be inquired into, unless it is necessary, because of the peculiar circumstances, to establish identity, criminal knowledge, intent or motive of the accused or be inseparably interwoven with relevant evidence of the crime charged or the independent offenses were perpetrated to conceal or enable the accused to commit the one charged.

2.  Intoxicating Liquors—Evidence—Competency.—Evidence of other sales of liquor in defendant's restaurant, but not by him or in his presence or with his knowledge or consent, held incompetent as corroborative of the Commonwealth's direct evidence of such a sale by the defendant or to show a system of criminal action or to contradict defendant's testimony that he had not sold or permitted any one to sell whiskey in his restaurant.

3.  Criminal Law—Instructions.—An instruction directing attention of the jurors to incompetent evidence and advising them that it was of value in determining defendant's guilt necessarily prejudicial.

W. D. O'NEAL for appellant.

CHAS. I. DAWSON, Attorney General, T. B. McGREGOR, Assistant Attorney General, and J. F. COLDIRON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant was indicted, tried and convicted of selling whiskey to Charles Lovejoy within twelve months before May 15, 1921, in violation of chapter 81 of the 1920 Acts. On this appeal he complains of the admission of evidence, of the instructions given and that the verdict is flagrantly against the evidence.

The only witness introduced by the Commonwealth in chief was Lovejoy, who testified that on January 15, 1921, he purchased from the defendant at his restaurant in Ashland, Ky., one pint of whiskey for $5.00; that the defendant at the same time cashed a check for him for about $150.00, and that Lindsey Webb was present. The defendant denied having sold whiskey to Lovejoy at that or at any other time and he was corroborated by Webb to the extent that Webb, though with Lovejoy when the check was cashed and for some time

thereafter, did not see the defendant sell Lovejoy any whiskey or see Lovejoy have any whiskey in his possession. The Commonwealth then introduced as in rebuttal the sheriff and one W. L. Justice, and it is the latter's evidence of which complaint is now made.

He testified that on two occasions he had bought whiskey in defendant's restaurant in Ashland but that he did not buy same from defendant or in his presence or with his knowledge or consent so far as the witness knew. He said these purchases were made within a year before the trial, which occurred on September 7, 1921; but he did not say that either purchase was made before the date of the indictment, or within the twelve months period covered by it. Nor did he in any way indicate from whom either of these purchases was made; he simply said they were made in defendant's restaurant, and from his evidence it is impossible to say whether they were made from an actual employe, an ostensible employe or from a mere bystander.

The Commonwealth first contends that this evidence was competent in chief, and the mere fact that it was admitted out of order was not prejudicial; and second, that it was competent in rebuttal. Conceding that the order of its introduction was not prejudicial here (Truax v. Commonwealth, 149 Ky. 699, 149 S. W. 1033), the pertinent question is whether or not it was competent either in chief or in rebuttal.

The commission of other offenses by the defendant, even though of the same sort, should not be inquired into, under familiar rules of evidence, unless it is necessary, because of peculiar circumstances to establish identity, criminal knowledge, intent or motive of the accused or be inseparably interwoven with relevant evidence of the crime charged, or the independent offenses were perpetrated to conceal or enable the accused to commit the one charged. Morse v. Commonwealth, 129 Ky. 294, 111 S. W. 714; Choate v. Commonwealth, 176 Ky. 427, 195 S. W. 1080; Brashear v. Commonwealth, 178 Ky. 492, 199 S. W. 21.

Very clearly, we think the evidence of Justice does not fall within any of the above enumerated exceptions to the general rule of inadmissibility. The alleged purchases by him, even if he had testified that they were made from the defendant, are in no wise connected in either time or purpose with the sale to Lovejoy;

nor was the identity of the person who made the sale to Lovejoy involved, since the indictment charged and the prosecuting witness testified positively it was the defendant himself. Nor was a question of criminal knowledge, motive or intent involved, since the sale, if made by the defendant himself, as it was claimed to have been made, was necessarily with his knowledge and was criminal whatever his motive.

We are equally clear that this evidence was not admissible upon the idea that it was corroborative of the Commonwealth's direct evidence or that it had a tendency to establish a system of criminal action on the part of the defendant under which theory evidence of other crimes committed by the defendant has sometimes been held competent, for the simple reason that the witness did not claim that he had made either of the purchases from the defendant or in his presence or with his knowledge or consent; or from any one who had either actual or apparent authority to act for him. We cannot, therefore, sustain the first contention of counsel that the evidence of Justice, or any part of it, was competent in chief.

Coming now to the contention of the Commonwealth that this evidence was admissible in rebuttal as offered, but little need be said, for the simple reason that it does not contradict, as claimed, evidence introduced by the defendant that he had not authorized or permitted any of his employes to sell liquor to Lovejoy or to any one else in his restaurant, since, as already pointed out, the witness did not state that the sales to him were made by employes of the defendant, and besides such sales, if made by them, were clearly not within the apparent scope of their authority as employes in the restaurant, and there is no evidence whatever that they had such authority.

That this evidence was prejudicial and was made more so by the instruction of the court, of which complaint is made, also seems to us clear. After correctly defining conditions upon which defendant might be found guilty the court further instructed the jury: "In determining the guilt or innocence of the defendant under the indictment the jury have a right to take into consideration all of the facts and circumstances proven in or by the evidence surrounding the transaction in question and you may convict him upon such circumstances or upon circumstantial evidence alone and are not restricted or con-

fined to his testimony alone as to keeping whiskey .or his sale of same to Lovejoy.''

There was absolutely no proof of any facts or circumstances surrounding the transaction in question unless the separate and distinct sales about which Justice had testified be so considered; hence, the effect of this part of the instruction was not only to direct particular attention to this incompetent evidence but to advise the jury that it was of value in determining defendant's guilt, and necessarily this was prejudicial error.

There is no merit in defendant's final contention that the verdict is flagrantly against the evidence, but for the errors indicated the judgment is reversed with directions to grant defendant a new trial.