## D. N. Herring and O. B. Herring v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Lyon Circuit Court.

Criminal Law—Evidence of Manufacture Inadmissible in Prosecution for Transportation.—Evidence that accused owned a moonshine still and had been engaged in making whiskey, was improp-

erly admitted in a prosecution for unlawful possession of intoxicating liquor, such other offenses not being so inseparably connected with the crime charged that proof of the latter necessarily involved proving the former, and no question of identity or guilty knowledge or intent or motive or malice or system of criminal action being presented.

UTLEY & UTLEY for appellants.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS. Assistant Attorney General, C. C. MOLLOY, County Attorney, and J. H. COLEMAN, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellants were convicted of the unlawful possession of intoxicating liquor and ask a reversal of the judgment on several grounds.

Though it cannot be said that the verdict of the jury is flagrantly against the evidence, it does appear that the principal witnesses against appellants were two young boys, one of whom had a grievance against appellants, and the other was his companion. In view of the good reputation which appellants bore prior to the charges against them, it is extremely doubtful if the jury would have believed the boys and have returned a verdict of guilty had it not been for the admission of evidence tending to show that appellants owned a moonshine still and had been engaged in making whiskey. This evidence of other offenses did not tend directly to prove appellants' guilt of the crime charged. The other offenses were not so inseparably connected with the crime charged that proof of the latter necessarily involved proving the former, nor were they perpetrated to conceal the crime charged. No question of identity or guilty knowledge or intent or motive or malice or system of criminal action was presented. Therefore the case does not fall within any of the exceptions to the rule that evidence of other crimes is inadmisible. Romes v. Commonwealth, 164 Ky. 334, 175 S. W. 669. Hence it cannot be doubted that the admission of the evidence complained of was prejudicial error.

We find no other error in the record.

Judgment reversed and cause remanded for new trial consistent with this opinion.