## Williams v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Daviess Circuit Court.

1. Searches and Seizures—One Consenting to Search Waives Sufficiency of Search Warrant and Affidavit.—One consenting to search of his premises thereby waived sufficiency of search warrant, and affidavit upon which it was based.

2. Criminal Law—Evidence Procured in Search Without Warrant, with Consent of Owner, Admissible.—Evidence procured in a search, even though made without any warrant at all, is competent, if search was made with consent of person in possession of premises.

3. Intoxicating Liquors—One in Possession of Premises Not Guilty, if Agent Took Whiskey Into Place of Business Without Authority.—One in possession of premises is not guilty of unlawful possession of liquor, if his agent took whiskey into place of business without his express or implied authority, and jury should have been so instructed.

LOUIS I. IGLEHEART for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

A warrant was issued against appellant charging him with having unlawful possession of intoxicating liquors. He was found guilty on trial before a justice of the peace, and appealed from that judgment to the circuit court. He was there again found guilty, and prosecutes this appeal from the latter judgment.

Acting under a search warrant procured from a federal commissioner the officers searched his business house in Owensboro, and there found one pint of whiskey.

Appellant had been absent from Owensboro and his place of business for about thirty days, and had just returned to that place on the night the search was made. He testified he knew nothing about the presence of liquor in his place of business, and that when he left he had directed the young man in whose charge he had left his business not to permit any drinking in the house in his absence; and that he had never sold any whiskey at that place or any other place in his life. There is no evidence that appellant had the reputation of being a bootlegger, or that his place of business had a bad reputation in that respect.

He had not been to his place of business for a month, having just returned to Owensboro a short time before the search was made, and when he learned the federal prohibition officer had a warrant for the search he sent him word to go ahead and that he (appellant) would be there. He did go and opened the door for the officers, and to all intents and purposes appears to have invited them to make the search, for it is stated by one of the officers that when they got into the store room appellant stated that there was not any whiskey in that house to his knowledge, and told them to go on and search.

The sufficiency of the search warrant and the affidavit upon which it was based is called in question, but clearly we are not called upon to determine either of these questions for the reason that the whole evidence, including that of appellant, shows not only that he consented to the search, and thereby waived the sufficiency of the affidavit and warrant, but that he actually invited the officers to search his place of business.

Evidence procured in such a search, even though made without any warrant at all, is competent if the search was made with the consent of the person in pos-

session of the premises searched.  Banks v. Commonwealth, 190 Ky. 330; Bruner v. Com., 192 Ky. 386; Smith v. Com., 197 Ky. 192; Howard v. Com., 197 Ky. 297; Gray v. Com., 198 Ky. 610; Marshall v. Newport, 200 Ky. 663.

On the trial the court only gave the customary instruction authorizing the conviction of appellant if the jury believed beyond a reasonable doubt the liquor was in his possession, although defendant asked the court to give the whole law of the case.

It is insisted he was entitled to an instruction telling the jury in substance that he should be found not guilty if his agent took the whiskey into his place of business without his express or implied authority.  Clearly the contention is sound, for the uncontradicted evidence of appellant authorized such a finding.

A like question in similar cases has been passed upon by this court as many as three times.

In the case of Knight v. Com., 194 Ky. 563, defendant was charged with selling whiskey. The sale was made at defendant's place of business by one apparently in charge of his business, and in his absence.  In that case as in this there was a failure to instruct the jury what would in law constitute the seller the agent of defendant, so as to hold the latter penally liable.  The court in holding this error, and in reversing the judgment for that reason said:

> "The instruction as given failed to tell the jury what would constitute the seller of the whiskey in question the agent of the appellant, which it should have been made to do."

In Cartwright v. Com., 196 Ky. 6, defendant was indicted and tried for the offense of unlawfully having in his possession an illicit still.  The evidence showed he was a tinner and carried in his stock many articles which are commonly used in the making of stills. Upon a search of his place of business there was found an article somewhat similar to and which might have been used as a still.  Defendant testified that such articles were sold by his agent without his knowledge, and that he had no knowledge of the existence in his place of business of the articles so assembled by his agent, and called a still.  The court failed to give an instruction authorizing the jury to find the defendant not guilty if the still was stored in his house by his agent without his authority, express or im-

plied, and the judgment of conviction was reversed for that reason. In so deciding the court said:

"As heretofore stated a principal can be made penally responsible for an unlawful act committed by his agent, but to effect such result the agent must have either express or implied authority from the principal to do so, and if he does not have such authority the principal is not responsible."

In the case of Addington v. Com., 200 Ky. 290, defendant was charged with the unlawful possession of liquor. The evidence tended to show that the whiskey was taken to his home in his absence and without his knowledge, and the judgment was reversed because of the court's refusal to instruct that if the liquor was taken there without his knowledge or consent, or by someone acting under his authority, he should be found not guilty.

If defendant's agent took the pint of whiskey into his place of business without express or implied authority from him, he was not under the doctrine of these cases ·in unlawful possession of it. Because of the court's failure to instruct upon this view of the case the judgment must be reversed.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.