## Kirby v. Commonwealth.

(Decided January 13, 1925.)

## Appeal from Clark Circuit Court.

1. Criminal Law—When Other Crimes May be Proved, Stated.— Proof of other crimes of defendant is relevant only where necessary to identify him as one who committed crime proved, or to show guilty knowledge, particular criminal intent, malice, motive, or plan or system of criminal actions, of which crime charged is part.

2. Criminal Law—Evidence of Theft of Another Automobile Held Inadmissible in Prosecution for Stealing Automobile.—In prosecution for stealing automobile, proof that defendant had stolen another automobile on another occasion held inadmissible as not necessary to establish his identity as author of offense charged, guilty knowledge, criminal intent, or motive, nor tending to prove peculiar plan or system of stealing cars, while malice is not essential to crime of larceny.

3. Witnesses—Re-examination of Witness as to Defendant's Theft of Another Car Held Not Authorized by Testimony on Cross-Examination.—Re-examination of state's witness as to defendant's theft of another automobile on another occasion held not authorized by his testimony on cross-examination as to having gone with defendant on such occasion.

4. Criminal Law—Court's Duty to Advise Jury that Evidence of Extraneous Offense Cannot be Considered as Substantive Proof of Crime.—Where proof of commission of extraneous offense is permissible, it is court's duty to admonish jury as to purpose for which it is admitted and advise them that it cannot be considered as substantive proof of crime charged.

J. S. LUSCHER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

By this appeal appellant, Harris B. Kirby, would have us reverse the judgment of the Clark circuit court adjudging that he serve a term of 18 months in the penitentiary for grand larceny. Appellant was convicted of having stolen a Ford touring car belonging to the Road Department of the State of Kentucky. The car had been left parked on Main street, in Winchester, Kentucky, and was stolen between seven and nine o'clock on the evening of March 11, 1924. Some two or three weeks later a Ford

motor was found in place on a truck at a garage or work-shop owned by appellant in Paris, Kentucky, which a mechanic for the road department identified as being the motor from the stolen Ford touring car. The motor number stamped on it at the factory had been so ground off or mutilated that it could not be identified positively by it, but the mechanic identified it by a particular V-shaped notch that he had ground into the valve plate with an emery wheel in order to install a foot accelerator on the car and by a gasket cut from a piece of roofing that had been used in lieu of the original gasket when the valve plate was replaced. Three negro boys testified that they went from Paris, Ky., to Winchester with appellant, Kirby, about the time the car was stolen; that he left them in his car on the outskirts of the town and walked into town alone; that he returned shortly with a Ford tour-ing car; and that the four of them returned to Paris, tak-ing with them the car in which they had gone to Winches-ter and the car brought to them by appellant from Win-chester. They testified that the car procured by appel-lant in Winchester was taken to his garage and that there was painted on either side of it a number corresponding with that testified to by the agent and mechanic of the road department. No part of the stolen automobile was ever found except the motor above mentioned. Appel-lant denied having gone to Winchester with the negroes at the time they mentioned or at any other time, and denied any knowledge of or participation in the theft of the car. He testified that one of the negroes used as a witness against him previously had purchased from him the truck in which the stolen motor was found; that later and before the motor was found in the truck he had re-purchased it from the negro; that the negro was driving the truck for him and shortly before the stolen motor was found and identified had returned to the garage on one occasion with a motor on the truck and had proposed to him that if he would substitute the new motor for the one then in the truck he would purchase the truck again. He testified that he removed the old motor from the truck and substituted the new for it under that arrangement without knowing anything about where the negro had procured the motor. It appears from the testimony that at the time the Ford touring car was shown to have been stolen from the streets of Winchester, appellant was em-ployed by the L. & N. Railroad Company at Paris, Ky., as a car inspector and that under his employment he

worked each day from three o'clock in the afternoon until eleven o'clock at night and that he was so engaged on the day the automobile was stolen at nine o'clock p. m., in Winchester. The verdict of guilty was found under the facts above detailed.

Several alleged errors of the trial court are urged as reasons for reversal, and one of them in our opinion is sufficient for the purpose. After having proved the facts of the theft by Henry Washington, one of the negro boys, who testified that he went to Winchester with appellant, as above detailed, over the objection of the appellant the court below permitted the Commonwealth to prove by him that on another occasion he and the same other persons went from Paris, Ky., to Winchester with appellant, Kirby, and that on the other occasion Kirby stole another car and had it brought back to Paris. Appellant insists that such evidence violates the general rule that while on trial for a crime it is incompetent to prove the commission of other crimes by the defendant. It is insisted for the Commonwealth that the proof of the stealing of the other automobile by appellant was admissible under the exceptions to the general rule which in certain cases permit proof of commission by defendant of offenses other than the one for which he is being tried.

In Moore v. Commonwealth, 188 Ky. 505, the rule embodying the exceptions relied upon by the Commonwealth was copied from Clary v. Commonwealth, 163 Ky. 48, as follows:

"When one is being tried for a crime the relevancy of the proof of other crimes of which he has been guilty is only in cases where a crime has been proven and proof of some other crime is necessary to identity the accused as the person who committed the crime proven, as above stated; or where it is necessary to show guilty knowledge in the accused it is relevant to prove that at another time and place, not too remote, the accused committed or attempted to commit a similar crime to the one of which he is accused; or where it is necessary to show a particular criminal intent in the person on trial; or to show malice in him or the motive for the commission of the crime; or to show that the crime of which he is being tried is a part of a plan or system of criminal actions, it is relevant to prove against the accused

under proper instructions of the court to the jury, other crimes of which the accused has been guilty."

Proof by the Commonwealth in this case that on an occasion other than the one in question appellant had stolen another automobile was not necessary to enable the Commonwealth to establish his identity as the author of the offense under trial or to establish his guilty knowledge or his criminal intent or his motive for the commission of the crime, because his identity as well as his criminal intent, guilty knowledge and motive were established by other direct and competent evidence. Malice is not essential to the crime of larceny. Hence, the evidence objected to was not admissible under any of the exceptions to the general rule just mentioned. The other exception is that when necessary to show that the crime for which he is being tried is a part of a plan or system of criminal actions it is relevant to prove against the accused other crimes of which he has been guilty. We find that the latter exception merges into and is but an enlargement of the others mentioned. Where a crime has been committed according to a peculiar plan or system used by the accused in the perpetration of previous crimes, by proof of which fact his identity as the author of the crime under investigation can be established, the evidence is admissible. Criminal intent and guilty knowledge when necessary may likewise be established by showing the crime charged to be but one of a criminal plan or system. Or if the crime charged is in the plan or system of the accused so interwoven with other offenses as to be inseparable proof of the extraneous crimes is admissible. It will be observed that the exceptions are the outgrowth of necessity. It frequently happens that proof of a crime is easy but proof as to its author is hard. The exceptions under the circumstances above permit proof of extraneous crimes to identify the accused as the author of the crime or to establish his criminal intent or guilty knowledge. (See Thomas v. Commonwealth, 194 Ky. 491.) Automobile stealing seems to be one of the prevalent crimes of the day. We do not understand how that a person stealing a car from the streets of a city could have any peculiar plan for so doing that would serve to identify him as the author of the theft of another automobile. We do not understand how the thief could steal an automobile in any other way than to get into it and drive it away or how he could have any pecu-

liar plan or system for so doing that would serve to identify him. Certainly, the extraneous crime proved by the Commonwealth in this case did not tend to prove that appellant had any peculiar plan or system of stealing cars and the admission of the evidence as to the other crime was wholly unnecessary to establish the identity, guilty knowledge or criminal intent of appellant as the author of the theft in question. Hence, the testimony was incompetent.

On cross-examination of the witness, Henry Washington, appellant's attorney, among other things, asked him if he had ever gone with appellant from Paris to Winchester at any time other than on the occasion when he testified that Kirby stole the car belonging to the road department, and the witness answered that he had gone with him on one other occasion. The evidence of the theft of the other car was then brought out by the attorney for the Commonwealth on re-examination by proving that it occurred on this other occasion, and it is insisted for the Commonwealth that appellant can not complain because the witness was merely being cross-examined about a matter brought out by defendant. We can not so hold, because nothing testified to by the witness in answer to the question of appellant's attorney tended in any wise to establish that on the other occasion appellant was guilty of the theft of another car.

In all cases where under the exceptions above noted proof of the commission of an extraneous offense is permissible, it is the duty of the court to admonish the jury the purpose for which the evidence is admitted and to advise that it can not be considered by them as substantive proof of the crime for which defendant is being tried. The failure of the trial court to so admonish the jury has been held by this court in a number of cases to be prejudicial to the substantial rights of the defendant. Bess v. Commonwealth, 118 Ky. 858; Richardson v. Commonwealth, 166 Ky. 570; Wilhite v. Commonwealth, 203 Ky. 543. The trial court admitted the evidence complained of over the objection of appellant and failed to admonish the jury the purpose for which it was competent. If the evidence had been competent it seems to us that under the cases above we would be forced to reverse the judgment for that reason.

For the reasons indicated the judgment is reversed and this cause remanded for further proceedings consisting with this opinion.