## Little v. Commonwealth

(Decided November 4, 1927.)

### Appeal from Wolfe Circuit Court.

1. Criminal Law.—Where, in a prosecution for illicitly manufacturing liquor and aiding others to do so, the evidence was conflicting, but in his opening statement the commonwealth's attorney in ad-

dressing the jury used language, the nature of which was the threatening of dire consequences in the event a conviction were not obtained, held that in view of Criminal Code of Practice, secs. 219, 220, such statements were erroneous conduct.

2. Criminal Law.—Where the commonwealth's attorney, in a prosecution for the illicit manufacture of intoxicating liquors, in his argument to the jury, appealed to their prejudices, unnecessarily abused the defendant by calling him a skunk, and, to sustain his argument, alleged facts of which there was no evidence in the record, held that such argument was erroneous conduct.

3. Criminal Law.—Where, in prosecution for the illicit manufacture of liquor, the attorney for the commonwealth made threatening statements as to his further prosecutions in the event a guilty verdict were not returned, and also in his argument he made prejudicial statements, and recited facts not in evidence, such conduct held reversible error.

4. Criminal Law.—The admission of evidence in a liquor prosecution that the defendant had at a different time and place from that relied on for conviction by the prosecution ground sprouted corn, presumably with the purpose of manufacturing liquor, held error.

LEEBURN ALLEN for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellant was charged by indictment with the illicit manufacture of liquor, and in aiding others so to do. On his trial he was found guilty, and prosecutes this appeal.

On his trial the specific time and place fixed by the commonwealth's witnesses as the time and place of the commission of the offense was the 16th of December, 1926, at the home of Ance Eversole. The evidence was conflicting as to whether appellant was present at the time and place fixed by two of the commonwealth's witnesses; there being at least two witnesses who testified he was not at the home of Ance Eversole on that date.

There being a sharp conflict in the evidence as to the guilt or innocence of defendant upon the occasion in question, it was obviously error for the attorney of the commonwealth to make the statements and deliver the arguments hereinafter referred to.

In the opening statement at the trial, the attorney for the commonwealth, among other things, said:

"Gentlemen, I have come over here from home to try these cases so that I could be of some service

to this community, and I am going to try this case, and the result of this trial will determine whether or not I will try any more of these cases. You came here for service, and we want service.''

Under the provisions of sections 219 and 220 of the Criminal Code, at the beginning of a trial either the clerk or the attorney for the commonwealth shall read to the jury the indictment and state the defendant's plea; and the attorney for the commonwealth may make a statement to the jury giving the nature of the charge against the defendant, and the law and evidence upon which the commonwealth relies to sustain it. Obviously these sections contemplate only that there shall be placed before the jury, in advance of the evidence, a concise statement of the nature of the charge and the law and evidence the commonwealth will rely upon to support it, and does not contemplate that the attorney for the commonwealth, occupying as he does a commanding and responsible position, shall either directly or indirectly threaten the jurors with dire consequences, in the event they should fail to sustain his views and return a verdict of guilty.

It is conceded in the brief for the commonwealth that this conduct was error against the defendant. It is not necessary, however, in this case to say whether that alone would be reversible error, for, as we shall see, the same attorney was guilty in the final argument of the case of even more erroneous conduct.

In the argument of the case the attorney for the commonwealth, among other things, said:

''The jail has in it now boys 18 and 19 years old, and they are on their way to the penitentiary, and it is breaking the heartstrings of the mothers of this community who are now looking through the bars at their boys; and to whitewash this case and turn this defendant loose on this community means to help destroy this country. James Little is guilty. He has been engaged in the liquor business ever since he has lived on the Bear Pen. You know he has, I know he has, and every person that knows Jim Little knows that he is a liquor dealer, and skunks like Jim Little is what is destroying the boys of this country. If you want to break up this business, go out and write a verdict of guilty.''

Not only did the attorney for the commonwealth thus assume to testify as to the guilt or innocence of the defendant, not only did he in a sentimental appeal to the prejudices of the jury recite alleged facts which there was no evidence in the record to sustain, but he also unnecessarily abused the defendant by putting him in the same class with a most odious and despised wild animal. It would be difficult to picture an argument more calculated to appeal to the passions and prejudices of a jury, and having as little basis of fact upon which to found it. Especially is this true when we take into the estimate that the attorney for the commonwealth from the nature of his duties occupies a position of influence which gives to his words great weight. It is no more the duty of the attorney for the commonwealth to take advantage of a defendant than it is his duty to see that the defendant takes no advantage of the commonwealth. As stated in Napier v. Com., 215 Ky. 847, 287 S. W. 21:

"Due to his position in the community, the statements of a commonwealth's attorney carry great weight with a jury. An unwarranted attack, such as we have here, carrying such weight, must necessarily be very prejudicial."

We are constrained to hold, therefore, that both the statement at the outset of the trial and the argument on the trial were error; and that, at least, their combined effect was prejudicial error.

It was likewise error for the court to permit the witness James Bates to state that at a different time and place from that relied upon for the commonwealth the defendant had ground sprouted corn, presumably with the purpose of manufacturing liquor. That defendant may have been guilty at another time and place from that fixed by the commonwealth's witnesses, and relied upon by the commonwealth, does not make such evidence of another offense competent upon an inquiry whether he was guilty of the offense being investigated. The principal question of fact was whether defendant was at the house of Ance Eversole on the 16th of December, 1926, and participated in the making of liquor at that time.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.