## Eagle v. Commonweath.

(Decided February 17, 1928.)

## Appeal from Whitley Circuit Court.

1. Criminal Law.—Refusal to sustain defendant's motion for continuance and permit him to read affidavit as to absent witnesses' testimony held not error, where no diligence was shown to procure their attendance and their names were not given.

2. Criminal Law.—Alleged refusal of continuance and premission to read affidavit as to absent witnesses' testimony need not be considered, in absence of court orders or rulings as to such matters or offer by defendant to read affidavit.

3. Criminal Law.—Proof of other crimes committed by defendant is relevant only where a crime has been proved and proof of some other crime is necessary to identify accused as one who committed crime proved, or where necessary to show guilty knowledge, if not too remote, or a particular criminal intent, malice, or motive for commission of crime charged, or to show that such crime was part of plan or system of criminal actions.

4. Criminal Law.—In trial for breaking and entering a wholesale grocery house, testimony as to defendant's breaking into wholesale dry goods store on following night held inadmissible as not relevant to crime charged.

5. Criminal Law.—In trial for breaking into wholesale grocery house, admission of testimony as to defendant's breaking into wholesale dry goods store on following night held prejudicial error.

6. Burglary.—In trial for breaking and entering into wholesale grocery house, articles found in defendant's possession, that were not part of, or similar to part of, merchandise in such house, should not have been introduced.

JOHNSON & SILER for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Claud Eagle, at his trial in the Whitley circuit court under an indictment accusing him of unlawfully, willfully and feloniously breaking and entering into the wholesale grocery house of Lanham & Terrell, was found guilty and given the minimum punishment prescribed by law. His motion for a new trial was overruled, and from the judgment pronounced on the verdict he prosecutes this appeal and urges by his counsel a number of alleged errors that are claimed to be sufficiently prejudicial to authorize a reversal of the judgment. They

are: (1) Refusal of the court to sustain defendant's motion for a continuance; (2) refusal of the court to permit him to read the affidavit as to the testimony of his alleged absent witnesses; (3) that the verdict is not sustained by the evidence and is flagrantly against it; and (4) incompetent testimony introduced by the commonwealth over defendant's objections and to which he excepted.

Grounds (1) and (2) are wholly without merit. No diligence was shown in an effort to procure the attendance of the alleged absent witnesses, nor are their names given. But, beyond that, there was no order of court or ruling in any way upon the motion for a continuance, nor did defendant offer to read his affidavit as to the testimony of the alleged absent witnesses. The court also did not make any ruling upon which ground (2) is based. We therefore deem it unnecessary to further discuss either of those grounds.

Ground (3) is involved in great doubt, as will appear from a recitation of the substance of the testimony, which is: That the grocery establishment of Lanham & Terrell was broken into one night between the 1st and 10th of January, 1927, and on the following night the wholesale dry goods establishment of a concern referred to in the record as "the Midland Stores" was also broken into. About midnight following the latter breaking, defendant was arrested, and had in his possession about four packages of Juicy Fruit Chewing Gum, which was an article handled by Lantham & Terrell whose store was broken into the previous night. He also had some cigarettes and perhaps some cigars, likewise handled in that store, and after he was imprisoned there were found in his cell some supporters and gentlemen's hose. There was a slight snow on the ground when the Lanham & Terrell store was broken into, but on the following day another snow had fallen and almost obliterated the tracks made by the thief who broke into that store, but the tracks of the one who broke into the Midland Stores were plain and visible, and they were traced to a shack in a lumber yard where some men's clothing and an overcoat were found, and the testimony identified those tracks as made by the shoes that defendant was wearing at the time he was arrested. When he was arrested, the officer said that he had a scratch on his hand and perhaps on his face from which a small amount of blood was flowing, and blood was also found on a piece of glass remaining in

the broken window of the Midland Stores. There was substantially nothing else in the record tending to connect defendant with the breaking into the Lanham & Terrell grocery store, except the articles found in his possession the following night after his arrest and after the Midland Stores had been broken into, i. e., chewing gum, cigars, and cigarettes. Neither of them had any peculiar mark by which they could be identified from other similar articles handled by merchants generally, and no witness positively and absolutely identified any of them as coming from the Lanham & Terrell store. The quality of some of them found in defendant's possession tended to raise a suspicion that they were not obtained in the usual way from a retail store, and, we repeat, it is extremely doubtful if that testimony was sufficient to authorize a conviction for the offense charged by the indictment upon which defendant was tried. Inasmuch, however, as we entertain no doubt of the sufficiency of ground (4) to authorize a reversal, we will at this time refrain from making a final decision of the question presented by this ground.

Under ground (4) the commonwealth argues that the well-settled exception to the general rule disallowing testimony of the commission of other crimes authorized the introduction of the testimony relating to the breaking of the Midland Stores, complained of in this case. That exception has been specifically defined by us in a number of cases, the most recent of which are Clary v. Commonwealth, 163, Ky. 48, 173 S. W. 171; Hickey v. Commonwealth, 185 Ky. 570, 215 S. W. 431; Music v. Commonwealth, 186 Ky. 45, 216 S. W. 116; Moore v. Commonwealth, 188 Ky. 505, 222 S. W. 934; and Kirby v. Commonwealth, 206 Ky. 535, 267 S. W. 1094. The exception to the general rule disallowing such testimony, as framed and stated in the Moore case and quoted with approval in the Kirby case, is:

"When one is being tried for a crime the relevancy of the proof of other crimes of which he has been guilty is only in cases where a crime has been proved and proof of some other crime is necessary to identify the accused as the person who committed the crime proved, as above stated; or where it is necessary to show guilty knowledge in the accused it is relevant to prove that at another time and place, not too remote, the accused committed or attempted to commit a similar crime to the one of which he is

accused; or where it is necessary to show a particular criminal intent in the person on trial; or to show malice in him or the motive for the commission of the crime; or to show that the crime of which he is being tried is a part of a plan or system of criminal actions, it is relevant to prove against the accused under proper instructions of the court to the jury, other crimes of which the accused has been guilty.'"

In the latter (Kirby) case defendant was indicted for stealing an automobile, and the testimony complained of was directed to his stealing another automobile on a different occasion, and we held that the prior theft was not admissible for the purpose of establishing malice, since it was not an ingredient of the offense charged, nor was it admissible for the purpose of proving a plan or system of criminal action, since there was nothing peculiar about either theft differentiating it from others of the same kind, nor was proof of the prior theft therein competent to establish criminal intent or guilty knowledge for which it might be admissible under the exception. A part of our answer to the contention made by the commonwealth in that case, that the complained of testimony was relevant under the exception, was thus stated in that opinion:

"Certainly, the extraneous crime proved by the commonwealth in this case did not tend to prove that appellant had any peculiar plan or system of stealing cars and the admission of the evidence as to the other crime was wholly unnecessary to establish the identity, guilty knowledge, or criminal intent of appellant as the author of the theft in question. Hence the testimony was incompetent."

So in this case the testimony relative to the breaking into the Midland Stores, occurring on a subsequent occasion to the breaking of the Lanham & Terrell store and for which latter the defendant was on trial, had no relevancy to establish any of the facts upon which the exception to the general rule is based.

At the trial of this prosecution the testimony of a number of witnesses introduced by the commonwealth consisted *solely* of facts tending to connect defendant with breaking into the Midland Stores, a subsequent and independent crime, an illustration of which was that of the witness, William McDaniel, introduced by the com-

monwealth, who was an employee or had some connection with the Midland Stores. He identified some articles found in defendant's possession after he was arrested that same night as being similar to ones handled in that store, and that some of them were afterwards returned to the store by officers who claimed to have taken them from the person of defendant. He likewise described the broken window of that store where some blood was found on a part of the broken glass. Counsel for defendant not only objected to that testimony as it was introduced, but also moved to exclude it in its entirety, and his objections were overruled as was also his motion to exclude. The same was true with reference to the policeman who testified about the tracks at and going away from the Midland Stores, to the shack on the lumber yard where other articles of merchandise supposed to have been taken from that store were found. Clearly, under the opinions, supra, all of such testimony was not only irrelevant, but extremely prejudicial. The accusation under the indictment for breaking into the Lanham & Terrell store could have been tried without any reference to the breaking of the Midland Stores, except, perhaps, the latter fact might be referred to only for the purpose of showing the immediate cause of defendant's arrest at the time it was made.

Any article found in his possession that was not a part of, or similar to a part of, the stock of merchandise contained in the Lanham & Terrell store should not have been introduced on the trial of this prosecution. It is not a case where the two crimes committed are so interwoven as to compel the introduction of testimony concerning the prior one upon the trial of defendant for committing the latter one. The two crimes had no connection whatever, and for no legal reason to which we have been cited, or found by us in any opinion or textwriter coming under our observation, was the complained-of testimony in this case relevant to the particular accusation contained in the indictment, and the court committed substantial and prejudicial error in the admission of it.

Wherefore the judgment is reversed, with directions to set it aside and to sustain the motion for a new trial and for other proceedings consistent with this opinion.