## Alford v. Commonwealth.

(Decided February 8, 1929.)

C. F. SPENCER for appellant.

J. W. CAMMACK, Attorney General, and J. W. BAXTER, Commonwealth Attorney, Twenty-fifth Judicial District, for appellee.

Opinion of the Court by Judge Rees—Reversing.

The appellant, Etta Alford, was indicted in the Clark circuit court for a second violation of the prohibition

laws, and upon her trial was convicted and her punishment fixed at confinement in the penitentiary for a period of three years. As grounds for reversal, it is urged that the indictment is duplictous, and that the court erred in admitting evidence of crimes other than the one submitted to the jury.

The indictment charges that appellant sold intoxicating liquors to one Robert Clark on eight different days during January and February, 1927, the exact dates being set out in the indictment. The appellant demurred to the indictment, and also filed a motion to require the commonwealth to elect upon which one of the charges it would prosecute her. Both the demurrer and the motion to elect were overruled, but, when the commonwealth introduced the witness, Robert Clark, he first testified to a sale on January 13, 1927, and, when the commonwealth offered to prove other sales, the court ruled that it had elected to try the appellant for the sale made on January 13, 1927, and the instructions were limited to that sale. The motion to require the commonwealth to elect should have been sustained, but the ruling of the court, that the sale, concerning which evidence was first introduced by the commonwealth, was the one for which appellant was being prosecuted, cured this error. McCreary v. Commonwealth, 163 Ky. 206, 173 S. W. 351; Sanders v. Commonwealth, 176 Ky. 228, 195 S. W. 796; Richardson v. Commonwealth, 166 Ky. 570, 179 S. W. 458.

The court permitted the commonwealth, however, to introduce evidence tending to show that appellant had sold liquor to the prosecuting witness on other days than January 13, 1927. This was error. It is insisted for the commonwealth that this evidence was admissible under one of the exceptions to the general rule that, when one is being tried for a crime, evidence of other crimes is inadmissible. The exceptions to the general rule disallowing such testimony are where proof of other crimes is necessary to show (1) the identity of the accused as the person who committed the crime proved: (2) guilty knowledge; (3) particular criminal intent; (4) malice or motive; (5) that the crime of which he is accused, and for which he is being tried, is a part of a plan or system of criminal actions. The facts of this case bring it within none of these exceptions. Proof of the other sales was unnecessary to identify the accused or to show guilty knowledge in her or particular criminal intent or malice or motive, and it certainly did not tend to show that she

had any peculiar plan or system of selling whisky. Kirby v. Commonwealth, 206 Ky. 535, 267 S. W. 1094; Eagle v. Commonwealth, 223 Ky. 178, 3 S. W. (2d) 212.

There is another exception to this general rule in cases of unlawful sexual intercourse, where it is held that proof of other acts of the parties indicating illicit relations may be admitted as corroborative of the testimony offered to prove the particular offense charged in the indictment. Cases in which such an exception to this general rule has been approved are: Smith v. Commonwealth, 109 Ky. 685, 60 S. W. 531; Newsom v. Commonwealth, 145 Ky. 628, 140 S. W. 1042; McCreary v. Commonwealth, 158 Ky. 612, 160 S. W. 981; Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239; Render v. Commonwealth, 206 Ky. 1, 266 S. W. 914. The theory upon which this exception is based is that proof of other similar offenses tends to show the adulterous disposition of the accused, and thus to corroborate the complainant's account of the acts alleged in the indictment as constituting the crime. In McCreary v. Commonwealth, 163 Ky. 206, 173 S. W. 351, the reason for this exception to the general rule, that evidence of other offenses committed by the accused is incompetent, was stated as follows: "While in many jurisdictions acts of sexual intercourse previous to the one relied upon for conviction are allowed to be given in evidence in explanation of, and in corroboration of the evidence given to prove the principal offense, subsequent acts of a similar character are excluded, as not tending in any way to prove the principal offense, and while as a general rule in criminal cases, the commission by the defendant of other and similar offenses are not permitted to be proven in corroboration of the principal offense for which he is on trial nor as corroborating the testimony relating to such offense, but in the case of crimes consisting of illicit sexual intercourse, such as incest, adultery, and sexual intercourse with girls of tender years, similar offenses committed by accused with the same persons are permitted to be proven in corroboration of the principal offense, because such acts as these are the concurrent acts of two persons of opposite sex, and the evidence of such corroborative acts tends necessarily to show the design of the accused, and his disposition to indulge his criminal desires as opportunity may offer, and in this jurisdiction proof of subsequent acts to the principal offense are admissible, as well as previous acts of similar kind."

However, the reason for this exception is limited to cases involving unlawful sexual intercourse, and it should not be extended to other classes of cases. In Herring et al. v. Commonwealth, 200 Ky. 304, 254 S. W. 906, appellants were convicted of the unlawful possession of intoxicating liquor, and the judgment was reversed because of the admission of evidence of other similar offenses. Also see Bullington v. Commonwealth, 193 Ky. 529, 236 S. W. 961; Little v. Commonwealth, 221 Ky. 696, 299 S. W. 563.

It follows that the admission of the evidence complained of was prejudicial error, and the judgment is reversed, and cause remanded for a new trial consistent with this opinion.