## Herrin v. Commonwealth.

~(Decided October 18, 1929.)

RAYMOND CONNELL for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MCCANDLESS —Reversing.

Ed Herrin was found guilty of unlawfully having in his possession intoxicating liquor and his punishment fixed at a fine of $100 and confinement in the jail for 30 days. He appeals.

The facts disclosed by the evidence are these: The defendant, a barber, has a shop on the first floor of a residence in Paris, Ky., and a sleeping room on the second floor, immediately above the shop. A private stairway leads from the shop to the sleeping room. On the upper floor there is a small outside porch, which is reached through a door from defendant's bedroom. The property is owned by a Mrs. Malone, but the evidence does not disclose whether she occupies any part of the property, or what other tenants she has, or whether the porch men-

tioned can be reached from any other room, except that of defendant.

Acting under a search warrant the officers searched the premises of defendant, finding nothing in his shop or bedroom, but finding a quart of moonshine whisky in a bottle in a closet on the upstairs porch. Several witnesesses testify that defendant's reputation for handling and drinking liquor is bad, but do not extend his reputation further in that respect. The defendant denies the ownership or possession of the whisky and all knowledge of its existence. He denies that he had any dominion or control over the porch in question, or that he had any part of the premises under his control, except the barber shop and bedroom. It is also shown in the evidence that the affidavit for the search warrant, though made by an officer, was based on information furnished by one Frank Trindle. Defendant and other witnesses testify that Trindle runs a jewelry repair show in a room adjoining defendant's barber shop, and is accustomed to going through defendant's shop upstairs to defendant's room; that two or three days before the raid on defendant's property Trindle came into his shop with a fruit jar of moonshine liquor, and undertook to secrete it in a case in defendant's shop. Defendant and others present protested, and an argument ensued, which offended Trindle; the defendant's theory being that Trindle placed the whisky in the closet, where it was found, and then gave the officers the information upon which the warrant was based.

The court gave the usual instructions, without reference to the special defense thus interposed. This was error. A somewhat similar situation existed in Kratzer v. Com., 228 Ky. 684, 15 S. W. (2d) 473, 475. In that case intoxicating liquor was found on the premises of the accused, who denied ownership or possession of the liquor, and claimed that it had been so placed without his authority or knowledge. Touching this defense the court said:

"Ordinarily, in prosecutions for the illegal possession of intoxicating liquor, the defense is merely a denial of possession, and it is not necessary to tell the jury what constitutes possession. However, in cases where the jury, without further direction, might be confused as to what constituted possession, it is prejudicial error not to instruct on the subject. This rule is peculiarly applicable to a case where the

liquor is found on the premises of the accused, and he defends on the ground that it was there without his authority, knowledge, or consent. Keifner v. Com., 225 Ky. 163, 7 S. W. (2d) 1066; Williams v. Com., 204 Ky. 538, 264 S. W. 1080; Addington v. Com., 200 Ky. 290, 254 S. W. 889. In the circumstances here presented we are constrained to the view that Kratzer was entitled to an instruction telling the jury in substance that, if the whisky was on his premises without his authority, knowledge, or consent, he was not in the unlawful possession of the whisky, and should be acquitted.''

The evidence in this case is not so strong for the commonwealth as it was in the Kratzer case. It is true that the situation was such as to indicate the porch being a part of defendant's premises; but he denies such was a fact, and it does not appear that other tenants did not have access to the porch. If he did have such control, a question for the jury to determine, the discovery of liquor on the premises would raise a prima facie presumption of unlawful possession and place the burden upon him to prove otherwise. Sections 2554a9 and 2554a21, Ky. Stats., Supp. 1928. And under the facts stated an instruction on this point should be given as indicated in the Kratzer case, supra.

On the other hand, the jury should be told that, if they do not believe from the evidence that he was in control of the premises on which the liquor was found, they should acquit him; also on another trial the court will restrict the evidence of defendant's reputation as to the handling of intoxicants to a reasonable period of time immediately preceding the finding of the indictment.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.