## Hall v. Commonwealth.

(Decided November 13, 1931.)

JAMES & HOBSON for appellant.

J. W. CAMMACK, Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, Greenbury Hall, was convicted in the Floyd circuit court under an indictment charging him with a second offense in the sale of intoxicating liquors under section 2554a-2, Kentucky Statutes, and his punishment was fixed at confinement in the state penitentiary for one year. The first count of the indictment charged that appellant on September 15, 1930, sold intoxicating liquor to Edgar Boyd, and the second count charged that he had been tried and convicted at the February term, 1924, of the Floyd circuit court of the offense of unlawfully selling intoxicating liquor, and his punishment fixed at a fine of $100 and 30 days in jail.

It is urged on this appeal that there was no evidence tending to connect appellant with the offense charged in the first count of the indictment, and that his motion for a peremptory instruction should have been sustained.

The witness, Woodrow Conn, testified that he and Edgar Boyd went to the home of appellant in search of liquor. Appellant's twelve-year-old son, Noah Hall, opened the door and let them in. After they had been in the room awhile, Boyd asked Noah Hall for some liquor, and he said he did not have any. Appellant then told his son to go and get them some liquor. Thereupon the boy went upstairs and returned with one-half gallon of liquor, and Boyd paid him for it. Noah Hall was the only witness introduced by appellant. He admitted that he sold the liquor to Boyd, but denied that his father had any knowledge of the transaction.

The evidence was sufficient to authorize a submission of the case to the jury on the misdemeanor charge. The trial court permitted the commonwealth, over appellant's objections to prove by a number of witnesses that appellant had sold and had in his possession intoxicating liquor on occasions other than the one charged in the indictment. The admission of this evidence was error. Alford v. Commonwealth, 227 Ky. 732, 13 S. W. (2d) 1026; Little v. Commonwealth, 221 Ky. 696, 299 S. W. 563; Bullington v. Commonwealth, 193 Ky. 529, 236 S. W. 961.

The commonwealth proved by the circuit clerk that Green B. Hall was convicted of some offense in the Floyd circuit court on February 15, 1924, and his punishment fixed at a fine of $100 and 30 days in jail. The judgment does not disclose the nature of the offense for

which he was tried, except that it was a violation of the prohibition laws. It was shown that he was convicted on November 12, 1923, in the court of a justice of the peace of Floyd county of the offense of unlawfully selling intoxicating liquor, and that he appealed to the Floyd circuit court on December 10, 1923. The circuit clerk failed to identify appellant as the Green B. Hall who had been convicted at the February, 1924, term of the Floyd circuit court. He testified that there were three or four persons named Green B. Hall who resided in Floyd county, and that at least three persons named Green B. Hall lived in the magisterial district in which appellant resided. The evidence was, not sufficient to identify appellant as the same Green B. Hall who had been convicted in February, 1924, and no instruction should have been given on the felony charge.

For the reasons indicated, the judgment is reversed for further proceedings consistent herewith.