## Vincent v. Commonwealth.

(Decided November 13, 1931.)

B. M. VINCENT for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

Appellant was convicted of the offense of selling intoxicating liquors contrary to the provisions of our Rash-Gullion Act (Ky. Stats. sec. 2554a-1 et seq.), and fined $100 and sentenced to serve thirty days in jail. The only evidence bearing on whether appellant made the sale charged in the indictment or not was that of the prosecuting witness, who testified that the appellant did make the sale to him, and that of the appellant, who denied that he made any such sale.

The reputation of the prosecuting witness for truth and veracity was seriously attacked by the testimony introduced for the appellant. The commonwealth introduced testimony to show that the reputation of the appellant for being one who engaged in the illicit selling of liquor was bad. The appellant introduced evidence to show that his reputation in this regard was good, and that in fact the question whether he had ever sold illegally any liquor or not had never been discussed among his neighbors and by people generally until after he had been indicted in this case. When the commonwealth introduced its witnesses to establish the bad reputation of the appellant, the latter objected to the question propounded by the commonwealth's attorney inquiring of them whether they knew the general reputation of the appellant for being a man engaged in the illicit traffic of liquor. The court overruled the objection and the witnesses were permitted to answer as stated. Under the facts of this case, we regard this action of the court as prejudicial, in that he did not confine the inquiry to a reasonable time before the commission of the offense for which the appellant was indicted. In the case of Herrin v. Commonwealth, 231 Ky. 139, 21 S. W. (2d) 139, we held that the evidence of a defendant's reputation as to the handling of intoxicants should be confined to a reasonable period of time immediately preceding the commission of the offense for which he is being tried. The same rule was laid down in Dunaway v. Commonwealth,.

239 Ky. 166, 39 S. W. (2d) 242. In the instant case, the appellant's guilt turned on his veracity as contrasted with that of the prosecuting witness whose reputation for being a truthful person was vigorously attacked. Further, it is shown by appellant's witnesses that the question of his being an illicit dealer in liquor had never been discussed by the people until after he had been indicted. In this state of the case, it was very important that the commonwealth's witnesses should be confined in their testimony concerning the appellant's general reputation to a reasonable time preceding the commission of the offense for which he was being tried. His reputation in this regard no doubt had a very serious effect on the mind of the jury when it came to weigh the conflicting evidence in this case, and, for this reason, it was highly important that the reputation evidenced of the appellant be confined strictly within the rule.

For this error, the case is reversed, with instructions to grant the appellant a new trial.