## Sturgill v. Commonwealth.

(Decided February 5, 1932.)

D. G. BOLEYN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellant, Rachel Sturgill, was indicted in the Knott circuit court and charged with a second offense of unlawfully selling intoxicating liquor under section 2554a-2, Kentucky Statutes, and, upon her trial, she was convicted and her punishment fixed at confinement in the state penitentiary for one year.

The first count of the indictment charged that the appellant, on the 2nd day of March, 1931, in the county of Knott, sold intoxicating liquor to Mont Conley, Green Conley, and Mitchell Thomas, and the second count charged that she had been tried and convicted at the November term, 1923, of the Knott circuit court, of the offense of unlawfully selling intoxicating liquor, and her punishment fixed at $300 and thirty days in jail.

Appellant's motion and grounds for a new trial being overruled, she has prosecuted this appeal, seeking a reversal of the judgment on five grounds, only two of which we consider needful to now dispose of.

By the first of these objections to be considered, the appellant very strongly contends that the trial court committed prejudicial error in refusing to sustain her objection to the evidence offered by the commonwealth as to her general reputation as to engaging in the unlawful sale of intoxicating liquor, without confining such evidence to the time of the commission of the alleged offense or immediately prior thereto.

This court has repeatedly held that evidence touching upon defendant's general reputation as to engaging in illicit liquor traffic, or handling of intoxicants, should be confined to the time of the commission of the offense charged or within a reasonable time prior thereto. Section 2554a-15, Kentucky Statutes; Dunaway v. Commonwealth, 239 Ky. 166, 39 S. W. (2d) 242; Harvey v. Commonwealth, 226 Ky. 36, 10 S. D. (2d) 471; Herrin v. Commonwealth, 231 Ky. 139, 21 S. W. (2d) 139.

Also it is further held by this court, in the very recent case of Vincent v. Commonwealth, 241 Ky. 70, 43 S. W. (2d) 345, that the proper rule, controlling the introduction of such general reputation evidence is that the court's failure to confine such inquiry regarding defendant's reputation as to handling intoxicants, to within a reasonable time before the commission of the alleged offense, would, under certain given circumstances found existing in that case, constitute prejudicial and reversible error.

The court will, accordingly, upon another trial of this cause restrict the evidence touching defendant's general reputation as to handling intoxicants to the time of the commission of the offense charged, or to within a reasonable time prior thereto.

Second, appellant further contends and argues, with very persuasive emphasis, that the trial court committed error, very prejudicial to the substantial rights of appellant, in permitting the commonwealth to prove by one Frank Patton and other of its witnesses that appellant had sold them intoxicating liquor on occasions different and other than the one charged in the indictment.

The trial court, while overruling appellant's objection and motion to exclude this evidence of said witnesses, as to unlawful sales of intoxicants made by appellant to them, at times and upon occasions not charged in the indictment, admonished the jury that, although the court had allowed such evidence to be introduced, it should only be considered by the jury as bearing upon the question of whether or not appellant sold liquor to Mont Conley, Green Conley, and Mitchell Thomas, as charged in the indictment.

In view of the clearly announced rule of this court, requiring that such evidence be excluded from the jury, we are of the opinion this admonition given the jury is insufficient and fails to cure the error of the court, committed in not observing this rule, which has often been declared by this court, requiring the exclusion of such evidence by permitting herein the commonwealth to prove, over appellant's objection, unlawful sales of intoxicating liquor, alleged made by the appellant, to said witnesses upon occasions other than the one charged in the indictment.

In the late case of Alford v. Commonwealth, 227 Ky. 732, 13 S. W. (2d) 1026, 1027, this court had before it this very question, and in the course of its opinion announced this rule in this language:

"The court permitted the commonwealth, however, to introduce evidence tending to show that appellant had sold liquor to the prosecuting witness on other days than January 13, 1927. This was error. It is insisted for the commonwealth that this evidence was admissible under one of the exceptions to the general rule that, when one is being tried for a crime, evidence of other crimes is inadmissible. The exceptions to the general rule disallowing such testimony are where proof of other crimes is necessary to show (1) the identity of the accused as the person who committed the crime proved; (2) guilty

knowledge; (3) particular criminal intent; (4) malice or motive; (5) that the crime of which he is accused, and for which he is being tried, is a part of a plan or system of criminal actions. The facts of this case bring it within none of these exceptions. Proof of the other sales was unnecessary to identify the accused or to show guilty knowledge in her or particular criminal intent or malice or motive, and it certainly did not tend to show that she had any peculiar plan or system of selling whisky. Kirby v. v. Commonwealth 206 Ky. 535, 267 S. W. 1094; Eagle v. Commonwealth, 223 Ky. 178, 3 S. W. (2d) 212.''

This rule, thus approved and laid down in the Alford case, was again re-enunciated and applied by this court in the very recent case, Hall v. Commonwealth, 241 Ky. 72, 43 S. W. (2d) 346, 347, wherein this language is used:

''The trial court permitted the commonwealth over appellant's objections, to prove by a number of witnesses that appellant had sold and had in his possession intoxicating liquor on occasions other than the one charged in the indictment. The admission of this evidence was error. Alford v. Commonwealth, 227 Ky. 732, 13 S. W. (2d) 1026; Little v. Commonwealth, 221 Ky. 696, 299 S. W. 563; Bullington v. Commonwealth, 193 Ky. 529, 236 S. W. 961.''

It follows that the admission, over the appellant's objection, of the evidence herein complained of as to the appellant's having unlawfully sold intoxicating liquor, on occasions other than the one charged in the indictment, was prejudicial to the substantial rights of appellant, and the judgment is therefore reversed and cause remanded for a new trial consistent with this opinion.