John ASHER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 29, 1959.

---

A. E. Funk, Jr., Middlesboro, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, John Asher, was found guilty of the offense of possessing alcoholic beverages for the purpose of sale in dry local option territory. His punishment was a fine of $100 and 60 days in jail.

Appellant's place of business is at Ferndale in dry (since 1954) Bell County. However, under the provisions of Chapter 243 of the Kentucky Revised Statutes, he is permitted to operate as a wholesaler in dry territory. Meeks Motor Freight, Inc. v. Falls City Brewing Co., Inc., 268 Ky. 213, 104 S.W.2d 421. He holds Kentucky Malt Beverage Distributor's License No. M D 792.

The pertinent descriptive portion of the indictment reads:

"The said John Asher, doing business as Pinnacle Distributing Company in the said County of Bell, on the 25th day of July 1958, and within twelve months before the finding of this indictment did unlawfully and knowingly have in his possession at Ferndale, Kentucky, in the 7th Magisterial District of Bell County, Kentucky, for the purpose of sale and delivery at said premises in said district, alcoholic beverages, to wit, 5,861 cases of Schlitz and Burger Beer * * * and in dry territory * * * and said possession for such purpose being prohibited by KRS 242, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

Appellant filed a demurrer to the indictment which was overruled, and here he insists that the indictment was defective because it failed to set out facts concerning the alleged illegal sales to persons not authorized to purchase, the names of such persons and the time of the sales.

Ordinarily in cases where the charge is unlawful possession of intoxicating beverages for the purpose of sale, it is sufficient to aver just that and no more, because possession with an illegal motive is in itself the gravamen of the crime, but we have uniformly held that where the offense charged is the unlawful sale of liquor as distinguished from unlawful possession with the intention to sell, the name of the person to whom the accused sells the liquor must be stated or, if the facts warrant it, it must be stated that the name of such person is unknown. Johnson v. Commonwealth, 299 Ky. 72, 184 S.W.2d 212; Sprinkles v. Commonwealth, 301 Ky. 161, 191 S.W.2d 218; Bingham v. Commonwealth, 301 Ky. 556, 192 S.W.2d 479.

The Commonwealth concedes that appellant had a right to possess beer on his licensed premises. This special lawful possession could not be changed into illegal possession except by some illegal act by appellant, such as an illegal sale. The inferences ordinarily drawn in cases where the accused has no special lawful possession cannot be made in this case. We believe, therefore, that when the crux of the accusation lies in a specific illegal sale, the facts of that sale should be set forth in the indictment in the same manner as is required in any indictment where the essence

of the offense charged is sale. The indictment was fatally defective.

 At the trial of the case, the Commonwealth was permitted to introduce, over the objection of appellant, evidence of several incidents where appellant allegedly made illegal sales of liquor. This requires a statement of facts.

On about June 23, 1958, Carl Givens and W. B. Bingham visited the wholesale beer establishment of the appellant, and there saw appellant or one of his employees put two cases of beer into a car owned by Willie Botkins. Givens thereupon filed an affidavit, and a warrant was issued from Bell Quarterly Court charging appellant with unlawful sale of alcoholic beverages in dry territory. The case came on to be tried before a jury on July 28, 1958, and appellant was found not guilty.

On three other occasions in July 1958, at the instance of Carl Givens, Reed Nunn went to appellant's place of business and allegedly illegally purchased beer. Again warrants were obtained charging appellant with illegal sale of beer to Reed Nunn on July 14, 1958, on July 18, 1958, and on July 24, 1958. The Commonwealth caused the warrant charging the offense on July 24, 1958, to be tried, and again appellant was found not guilty. The other two warrants were not brought to trial and the record is not certain as to their disposition.

At the trial of this instant case, the Commonwealth was permitted to introduce testimony relative to the occurrences on the above dates, including the two alleged sales for which appellant had been tried and found not guilty. The court admonished the jury that they should consider the testimony as to the offenses on June 23, 1958, and on July 24, 1958, only as it tended to show intent, common plan and course of conduct of the party accused. We believe that this admonition failed to correct the obvious error. In Hall v. Commonwealth, 241 Ky. 72, 43 S.W.2d 346, 347, we said:

"The trial court permitted the commonwealth, over appellant's objections, to prove by a number of witnesses that appellant had sold and had in his possession intoxicating liquor on occasions. other than the one charged in the indictment. The admission of this evidence was error. Alford v. Commonwealth, 227 Ky. 732, 13 S.W.2d 1026; Little v. Commonwealth, 221 Ky. 696, 299 S.W. 563; Bullington v. Commonwealth, 193 Ky. 529, 236 S.W. 961."

The testimony pertaining to the other offenses introduced in this case was particularly objectionable in view of the fact that appellant had been acquitted of two of the charges. Since the gravamen of the offense was illegal sale, the rule of evidence set forth in the above quotation should have been invoked.

Therefore the motion for appeal is sustained and the judgment is reversed.