**Robert HATFIELD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1965.

William A. Watson, Robert J. Watson, Middlesboro, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Robert Hatfield appeals from a judgment by which he was convicted of trafficking in alcoholic beverages in local option territory. He was fined $100 and sentenced to serve sixty days in jail. He contends that the court erred in the admission of certain testimony.

 Jessie Partin testified to having purchased a half-pint of whisky from appellant on December 7, 1964. Before testifying about the purchase she was permitted on direct examination to testify, over objection, as follows:

"Q 5 Back in December, this year, did you decide you would assist the Middlesboro Police Department in making some purchases of alcoholic beverages from various people who you

knew or believed were in the business of trafficking in alcoholic beverages in Middlesboro?

A    I decided to do it myself.

Q 6  Why?

A    Because they were selling my husband whiskey, and selling my sister whiskey.  They have about got her crazy.  She runs her kids off and won't buy clothes for them and half the time they ain't got nothing to eat."

Appellant argues that the witness' reasons for making the purchase are irrelevant and immaterial.  The issue was whether appellant sold Jessie Partin alcoholic beverages in local option territory.  It did not matter whether Jessie Partin bought whisky while on a crusade, for her own consumption, or for some other reason.  Her reasons for buying where immaterial and should have been excluded.  20 Am.Jur., Evidence, Section 245, page 238.  Certainly her statements were inflammatory and prejudicial.  The admission of such testimony was reversible error.

On cross-examination the appellant testified, over objection, as follows:

"Q 1  Mr. Hatfield, you heard the police testify concerning your reputation?

A    Yes, sir.

Q 2  Do you know what would give rise to such a conclusion by the police officers?

A    Yes, sir, I have been previously convicted for trafficking in whiskey."

He now urges that in the last answer he was required to give substantive testimony against himself.  An examination of the question and answer reveals that the question and first part of his answer are harmless.  The harmful portion of the answer is a voluntary statement by way of explanation which is not responsive to the question.  In other words he talked too much.

Consequently, he will not be heard to complain.

Appellant also complains that the reputation evidence related to a period twelve months prior to the date of indictment, January 15, 1965, instead of twelve months prior to the commission of the offense, December 7, 1964.  Such testimony should be confined to the time of or a reasonable time preceding the commission of the offense.  KRS 342.390; Sturgill v. Commonwealth, 242 Ky. 314, 46 S.W.2d 98.  The variation in time here is not considered sufficiently prejudicial to constitute reversible error.

No merit is found in appellant's argument that the half-pint of whisky introduced was not properly identified.

Judgment reversed.